UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re:<br><br>ROBERT SAM<br><br>       Debtor | Chapter 13<br>Bankruptcy No. 18-01093 |

PROOF OF SERVICE

I certify that this Plan was mailed to the persons on the attached list on August 10, 2018.

/s/ Brian W. Peters, #8372, Attorney for Debtor

**Fill in this information to identify your case:**

Debtor 1     **Robert Sam**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the **Northern District of Iowa**

Case number
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

   N/A

## Official Form 113
# Chapter 13 Plan

**12/17**

| Part 1: | Notices |
|---|---|

**To Debtors:**    **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permitted in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not included |

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

| Monthly Payment | Plan month(s) |
|---|---|
| $150.00 | 1 - 36 |

BkAssist® Software Copyright© 2010-2017 by Walter Oney. All rights reserved.

Debtor 1   Robert Sam                                                                      Case number:

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Payments to the trustee will be made from future earnings in the following manner:**

*Check all that apply:*

☐   Debtor(s) will make payments pursuant to a payroll deduction order.

☒   Debtor(s) will make payments directly to the trustee.

☐   Other (specify method of payment): **N/A**

**2.3 Federal income tax refunds.**

*Check one:*

☒   Debtor(s) will retain any federal tax refunds received during the plan term.

☐   Debtor(s) will supply the trustee with a copy of each federal tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all federal income tax refunds received during the plan term.

☐   Debtor(s) will treat income tax refunds as follows:
    _____

**2.4 Additional payments.**

*Check one.*

☒   **None.** *If None is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $5,400.00.**

| Part 3: | Treatment of Secured Claims |
|---|---|

**3.1 Maintenance of payments and cure of any default**

*Check one.*

☐   **None.** *If None is checked, the rest of § 3.1 need not be completed or reproduced.*

☒   The debtor(s) will maintain the contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of Creditor | Approved Financial | | | |
|---|---|---|---|---|
| Collateral | 2009 Subaru Forester | | | |
| Current Installment Payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |

BkAssist® Software Copyright© 2010-2017 by Walter Oney. All rights reserved.

Case 18-01093 Doc 6 Filed 09/10/18 Entered 09/10/18 09:38:08 Desc Main
Document Page 4 of 9

Debtor 1    Robert Sam                                                                                     Case number:

| $0.00<br>Disbursed by<br>☐ Trustee<br>☒ Debtor(s) | $0.00 | N/A | N/A | $0.00 |
|---|---|---|---|---|

**3.2 Request for valuation of security and claim modification**

*Check one.*

☒    **None.** *If None is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506**

*Check one.*

☒    **None.** *If None is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance**

*Check one.*

☒    **None.** *If None is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral**

*Check one.*

☒    **None.** *If None is checked, the rest of § 3.5 need not be completed or reproduced.*

| Part 4: | Treatment of Trustee's Fees and Priority Claims |
|---|---|

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00%** of plan payments; and during the plan term, they are estimated to total **$540.00**.

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$1,500.00**.

**4.4 Other priority claims**

*Check one.*

☒    **None.** *If None is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount**

*Check one.*

BkAssist® Software Copyright© 2010-2017 by Walter Oney. All rights reserved.

Debtor 1    Robert Sam                                                                                     Case number:

---

☒    **None.** *If None is checked, the rest of § 4.5 need not be completed or reproduced.*

---

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |

**5.1 Nonpriority unsecured claims not separately classified**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☒    the sum of **$3,360.00**.

☐    **0.00%** of the total amount of these claims, an estimated payment of $3,360.00.

☒    the funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **$0.00**. Regardless of the options checked above, payments on allowed nonprioirty unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒    **None.** *If None is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims**

*Check one.*

☒    **None.** *If None is checked, the rest of § 5.3 need not be completed or reproduced.*

---

| Part 6: | **Executory Contracts and Unexpired Leases** |

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐    **None.** *If None is checked, the rest of § 6.1 need not be completed or reproduced.*

☒    **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor, as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by trustee rather than by the debtor.

| Name of creditor | Ralph and Vera Helm | | |
|---|---|---|---|
| Property Description | Lease/Purchase Contract | | |
| Treatment (Refer to other plan section if applicable) | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
| Assume | $0.00 | $0.00 | $0.00 |

---

| Part 7: | **Vesting of Property of the Estate** |

**7.1 Property of the estate shall revest in the debtor(s) upon**

*Check the applicable box:*

---

BkAssist® Software Copyright© 2010-2017 by Walter Oney. All rights reserved.

Debtor 1    Robert Sam                                                          Case number:

|  |  |
|---|---|
| ☐ | plan confirmation |
| ☐ | entry of discharge |
| ☐ | other: **<u>N/A</u>** |

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**8.1 Check "None" or List Nonstandard Provisions**

*Check one.*

☒    **None.** *If None is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | Signatures |
|---|---|

<u>/s/ Brian W Peters</u>                                                           <u>08/10/2018</u>
Attorney for Debtor(s)                                                        Date

**By filing this document, the Attorney for Debtor(s) also certifies that the wording and order of the provisions in this Chapter 13 plan are are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

BkAssist® Software Copyright© 2010-2017 by Walter Oney. All rights reserved.

Debtor 1    Robert Sam                                                                                          Case number:

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control:

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)*: | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)*: | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)*: | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)*: | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)*: | $2,040.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)*: | $3,360.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5,Section 5.2 total)*: | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)*: | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)*: | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*: | $0.00 |
| | **Total of lines a through j** | $5,400.00 |

BkAssist® Software Copyright© 2010-2017 by Walter Oney. All rights reserved.

Label Matrix for local noticing
0862-2
Case 18-01093
Northern District of Iowa
Dubuque
Fri Aug 10 09:11:15 CDT 2018

Americas
2257 State Road 80
Cuba City, WI 53807-9703

Approved Financial
175 SW 7th St Ste 1900
Miami, FL 33130-2960

CWCMR&H L.L.P
2080 S Park Ct
Dubuque, IA 52003-7986

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130-0285

Celtic Bank/Contfinco
4450 New Linden Hill Rd
Wilmington, DE 19808

Continental Finance Co
PO Box 8099
Newark, DE 19714-8099

Credit First N A
6275 Eastland Rd
Brook Park, OH 44142-1399

Credit First National Assoc
Attn: Bankruptcy
PO Box 81315
Cleveland, OH 44181-0315

Credit One Bank Na
PO Box 98875
Las Vegas, NV 89193-8875

CreditOne Bank
Attn: Bankruptcy
PO Box 98873
Las Vegas, NV 89193-8873

EM Strategies, Ltd
1200 Maple Rd
Joliet, IL 60432-1439

Fingerhut
Attn: Bankruptcy
PO Box 1250
Saint Cloud, MN 56395-1250

Firestone
PO Box 81344
Cleveland, OH 44188-0001

Genesis BC/Celtic Bank
268 S State St Ste 300
Salt Lake City, UT 84111-5314

Iindigo
2000 River Edge Pkwy
Atlanta, GA 30328-4694

Jo-Carroll Energy
796 US Hwy 20 W
Elizabeth, IL 61028

Kohls/Capital One
PO Box 3120
Milwaukee, WI 53201-3120

Kohls/capone
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051-7096

MB Financial
611 N River Rd
Des Plaines, IL 60018

MBB
1460 Renaissance Dr
Park Ridge, IL 60068-1331

Med Busi Bur
1460 Renaissance Dr
Park Ridge, IL 60068-1349

Med Business Bureau
1460 Renaissance Dr #400
Park Ridge, IL 60068-1349

Mediacom
3033 Asbury Road
Dubuque, IA 52001-8434

O'Connor & Thomas, P.C.
1000 Main St
Dubuque, IA 52001-6874

Brian W. Peters
100 W. 12th Street
PO Box 703
Dubuque, IA 52004-0703

Progressive Leasing
256 West Data Dr
Draper, UT 84020-2315

Ralph & Vera Helm
12584 Golfview Dr
Huntley, IL 60142-7524

Ralph and Vera Helm
12584 Golf View Drive
Huntley, IL 60142-7524

Reflex
PO Box 8099
Newark, DE 19714-8099

Robert Sam
7 Colony Ct
Galena, IL 61036-8691

Thomas J. Nack
Nack, Richardson & Nack, P.C.
PO Box 336
Galena, IL 61036-0336


(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

United States Trustee
United States Federal Courthouse
111 7th Avenue SE, Box 17
Cedar Rapids, IA 52401-2103

Utilitys Inc.
PO Box 11025
Lewiston, ME  04243-9476


Webbank/Fingerhut
6250 Ridgewood Rd
Saint Cloud, MN 56303-0820


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Capital One
15000 Capital One Dr
Richmond, VA  23238

US Bank
4325 17th Ave S
Fargo, ND  58125


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u), IA

End of Label Matrix
Mailable recipients    36
Bypassed recipients     1
Total                  37

Case 18-01093  Doc 7    Filed 09/11/18    Entered 09/11/18 09:23:47    Desc Main
Document   Page 1 of 2

## United States Bankruptcy Court
## for the Northern District of Iowa

In re:

Robert Sam

                   Debtor(s)

Chapter Chapter 13
Bankruptcy No. 18-01093

Motion to Dismiss

On Friday, August 10, 2018, a chapter 13 petition was filed which included Official Form 101A, stating that a deposit in the amount of the monthly rental owed on his residence was made with the Bankruptcy Clerk by the debtor. In prior consultation with the clerk, this meant that a certified check or money order payable to the landlord had been placed in the US Mail on the date of filing. The filing was on an emergency basis, although full schedules were filed.

By the end of the day, debtor's attorney had not been given the basis to put that deposit in the mail by the debtor. Debtor's attorney also did not serve by mail or other means the form 101A on the landlord and landlord's attorney since the required deposit had not been made. It is the understanding of debtor's attorney that the form 101A and notice of the bankruptcy filing had been hand delivered to at least the Jo Daviess County Sheriff by the debtor.

The procedure using form 101A appears to be rarely invoked, and the debtor's attorney has not used the procedure previously. The clerk's office also indicated that they did not remember that the procedure had been previously used in the Northern District of Iowa. By the debtor's description, however, this is an unusually compelling case, in that his spouse and child are both persons with disabilities and not easily moved. Also by the debtor's description, substantial repairs are needed on the rental property, and the landlord has refused rent payments to avoid doing those repairs, and this is the debtor's basis for believing that the right to repay the delinquent rent still exists.

Debtor's attorney had told the debtor by telephone that he believed that the failure to send the deposit by mail to the clerk required that he dismiss this case, and he would do so unless the deposit was received by the end of the day Friday. On reflection, dismissal requires the debtor's consent, which has not been given. Instead, debtor's attorney moves for dismissal of the case by the court.

Electronic filing creates a situation where literal compliance with the form and instructions are not feasible, and as a practical matter the deposit would not have reached the clerk's office until mail was delivered on Monday. The debtor indicated by telephone that he may deliver proper certified funds to the clerk on Monday. In the event that this happens, the question of compliance with the requirements of form 101A should be one for the Court to decide. Absent this circumstance, debtor's attorney believes that the case should be dismissed.

Case 18-01093   Doc 7   Filed 09/11/18   Entered 09/11/18 03:23:47   Desc Main
Document   Page 1 of 2

This motion will be sent by email to debtor Robert Sand, to attorney Tom Nack as representative for the landlords, and to attorney Gina Kramer, who may be representing the landlords in this bankruptcy case.

/s/ Brian W Peters

By: _____

Brian W. Peters, #AT0006121
100 West 12th St.
Dubuque, IA 52001
(563) 588-0547
Fax (563) 588-1981

FILED
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

AUG 1 3 2018

Clerk of Court
By:_____
Deputy

## In the Inited States Bankruptcy Court
## Northern District Of Iowa

Robert sam.                          Case number 18-01093
Defendant

    Vs

Tom Nack
Nack and Nack law offices

## PLAINTIFF'S MOTION FOR SANCTIONS

COMES NOW Plaintiff  Robert Sam by and through his undersigned per se  and for his Motion for Sanctions against Defendant Tom Nack and Nack and Nack law office pursuant to Federal Bankruptcy court of Iowa Court Rule 11 U.S. Code § 362 - Automatic stay and states the following:

1. Plaintiff is entitled to Sanctions against Tom Nack and Nack and Nack law office for conduct which Plaintiff contends constitutes threatening, extortion and intimidation . The evidence supports that by clear and convincing evidence that Tom Nack intentionally and willfully violated the 362 automatic

stay rule to further collection on a judgement. The evidence
further supports that Mr. Nack did so by threatening criminal
prosecution if Mr. sam did not leave the premises.

## Facts:

2.  On July 2nd agreed to a offer by Mr. Tom Nack, Mr. Nack
    would dismiss claim, no monies would be owed, in return
    Mr. Dam would vacate in 30 days.
3.  Mr. Sam has a disabled wife and 9 year old daughter and
    needs a home for them to take there meds. Mr. Sam has
    tried paying rent for months but the landlord has refused
    rent to avoid repairs, so moving to a better home is a
    necessary for the Sam's.
4.  Mr. Sam found out after the agreement that the case was
    not dismissed and therefore can not rent anything as a
    judgment for eviction shows on his credit.
5.  Mr. Sam begged Mr. Nack to fix this as Mr. Nack promised
    he would dismiss. Mr. Nack declined.
6.  Mr. Sam begged Mr. Nack for more time to find a home as
    his family needs a place to live and his daughter starts
    school August 17th. Mr. Sam's daughter is signed up in
    special ed programs and leaving the school district can
    have permanent consequences on hi daughter.
7.  Mr. Sam filed a appeal in the 2nd district appellate court
    as well as a emergency stay with the appellate court.
8.  Mr. Sam to protect his family has had no choice but to file
    a chapter 13 to gain a stay of eviction by putting up one
    months rent.
9.  Mr. Sam filed his Bankruptcy on August 10th 2018 and
    received the courts stay power for 30 days.

10. Mr. Sam delivered a copy of the stay to Mr. Nack and the sheriffs office.
11. Mr. Nack contacted Mr. sam a few hours after recovering the stay and threatened criminal prosecution if Mr. Sam did not leave.
12. Mr. Nack violated rule 11 code 362 and also used intimidation and fear to punish Mr. Sam for filing his bankruptcy.

### Summary and conclusion:

13. The United States Bankruptcy court Rule 11 code 362 authorizes this Court to impose various sanctions for stay abuse, including but not limited to, sanctions and damages.
14. Mr. Sam and his family do not feel safe and would pray the court help prevent any potential future threats or possible violence.

Robert sam
802-777-4191
7 Colony Ct
Galena Illinois 61036.

## The UPS Store #5246

**From:** robert sam <harpees5@yahoo.com>
**Sent:** Monday, August 13, 2018 8:55 AM
**To:** The UPS Store #5246
**Subject:** Fwd: Robert sam

Sincerely, Robert Sam

Begin forwarded message:

> **From:** "Tom Nack" <tnack@nack.com>
> **Date:** August 10, 2018 at 2:59:01 PM CDT
> **To:** "'robert sam'" <harpees5@yahoo.com>
> **Subject: RE: Robert sam**
>
> Mr. Sam,

1

I only received the email attached below on my phone for whatever reason and I wanted to reply from my office computer.

First of all, the eviction order is very much valid. It does appear the order may be stayed by the bankruptcy court. The problem for you is that the bankruptcy Stay was acquired via perjury. That will not end well.

Unfortunately for you, on form 101A you certified under penalty of perjury that you have a right to stay in the residence by paying the delinquent rent. You have no such right in Illinois. The JD County States Attorney is aware of your actions and the Iowa US attorney will soon be aware also. Perjury is a crime. Given your pathological activities over the past 2 decades, as evidenced by your extensive legal history of fraud and squatting, I am confident that the criminal side of the legal system will happily accept the baton from the civil side.

So although your Stay from the bankruptcy court may or may not prevent your imminent eviction it will have no impact on your prosecution. I trust that every day you take advantage of the stay you received via perjury, you will proportionately aggravate your consequences.

I will be informing the Illinois Appellate Court 2nd District of your actions as I believe it is my ethical duty.

I can only suggest that you move out of the residence by the 8/11/18 deadline. This action may mitigate against the future actions of law enforcement.

2

Let this email serve to put you on notice of your perjury. Thus any claim of ignorance will fall on deaf ears from this point.

Please confirm you will move out by the deadline and confirm where you will leave the keys and garage remote.

Thomas J. Nack

Nack, Richardson & Nack, P.C.

Attorneys At Law

106 North Main Street

P.O. Box 336

Galena, IL 61036

P: (815) 777-1218

F: (815) 777-2609

NOTICE:
(I) TO UNINTENDED RECIPIENTS: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may contain attorney-client materials and/or attorney work product, legally privileged and protected from disclosure. This e-mail is intended only for the addressee named above. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it and any and all copies of it. Thank you.

3

(II) TO INTENDED RECIPIENTS AND CLIENTS: Please be warned that E-mail may be an unsecure means of communication in certain situations, where a 3rd party may gain access. This may occur, for example, where you choose to use employer-provided systems or equipment, which are subject to employer monitoring and are not private; where you chose to use a public computer at a library or hotel; or where you choose to use a shared family computer that others can access. If any of these (or other) non-secure situations occur for you, please consider the consequences of the communication not being private and confidential, and advise us if you choose to avoid further E-mail communication completely or with certain addresses

**From:** robert sam [mailto:harpees5@yahoo.com]
**Sent:** Friday, August 10, 2018 2:10 PM
**To:** Tom Nack
**Subject:** Re: Robert sam

What email?

Sincerely, Robert Sam

On Aug 10, 2018, at 2:09 PM, Tom Nack <tnack@nack.com> wrote:

Please resend the email as it did not go to my office e-mail.

4

## United States Bankruptcy Court
## for the Northern District of Iowa

In re:

Robert Sam

        Debtor(s)

Chapter Chapter 13
Bankruptcy No. 18-01093

### Motion to Withdraw as Attorney

The undersigned previously filed a Motion to Dismiss, premised upon a failure to supply the rental deposit certified on form 101A. Early this morning, the clerk certified a docket entry indicating that the rental deposit has been paid. On this basis, subsequent events have rendered the prior motion moot.

The petition and schedules also disclose that Robert Sam paid the amount of $2,500 for attorney fees, and $310 for the filing fee in this case. This appears not to be accurate as of the time of filing this motion. For the undersigned, this represents a lack of communication about an important aspect of the case, and an error in the information submitted to the court. The undersigned takes responsibility for this error in communication.

Accurate attorney/client communication is fundamental to representation, and the undersigned believes he is not able to do that in this case. Debtor Robert Sam has previously represented himself in a Chapter 7 case in the Northern District of Illinois and has submitted a pro se motion in this case, and it appears that he will not be prejudiced by this withdraw.

WHEREFORE, the undersigned prays that the court allow his withdraw as attorney in this case.

/s/ Brian W Peters

By: _____

    Brian W. Peters, #AT0006121
    100 West 12th St.
    Dubuque, IA 52001
    (563) 588-0547
    Fax (563) 588-1981

Case 18-01093  Doc 10  Filed 08/05/18  Entered 08/05/18 13:23:53  Desc Contd
Pleadings (Record)  Page 18 of 19

# United States Bankruptcy Court
## for the Northern District of Iowa

In re:

Robert Sam

          Debtor(s)

Chapter Chapter 13
Bankruptcy No. 18-01093

Proof of Service

I certify that the attached Motion to Withdraw As Attorney was served upon Debtor Robert Sam via email at: harpees5@yahoo.com and via US Mail at: 7 Colony Ct, Galena, IL 61036, and upon Attorney Tom Nack via email at: tnack@nack.com on August 13, 2018.

Dated August 18, 2018.

/s/ Brian W Peters

By: _____

Brian W. Peters, #AT0006121
100 West 12th St.
Dubuque, IA 52001
(563) 588-0547
Fax (563) 588-1981

# United States Bankruptcy Court
## for the Northern District of Iowa

In re:

Robert Sam                                                    Chapter Chapter 13
                                                              Bankruptcy No. 18-01093

           Debtor(s)


### Motion to Withdraw as Attorney

The undersigned previously filed a Motion to Dismiss, premised upon a failure to supply the rental deposit certified on form 101A.  Early this morning, the clerk certified a docket entry indicating that the rental deposit has been paid.  On this basis, subsequent events have rendered the prior motion moot.

The petition and schedules also disclose that Robert Sam paid the amount of $2,500 for attorney fees, and $310 for the filing fee in this case.  This appears not to be accurate as of the time of filing this motion.  For the undersigned, this represents a lack of communication about an important aspect of the case, and an error in the information submitted to the court.  The undersigned takes responsibility for this error in communication.

Accurate attorney/client communication is fundamental to representation, and the undersigned believes he is not able to do that in this case.  Debtor Robert Sam has previously represented himself in a Chapter 7 case in the Northern District of Illinois and has submitted a pro se motion in this case, and it appears that he will not be prejudiced by this withdraw.

WHEREFORE, the undersigned prays that the court allow his withdraw as attorney in this case.


                                        /s/ Brian W Peters
                              By: _____
                                        Brian W. Peters, #AT0006121
                                        100 West 12th St.
                                        Dubuque, IA 52001
                                        (563) 588-0547
                                        Fax (563) 588-1981