Case 18-01093    Doc 39    Filed 09/05/18    Entered 09/05/18 12:51:23    Desc Cont'd
Pleadings (Record)    Page 1 of 37

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
**PROCEEDING MEMO AND ORDER**

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 13 |
| ROBERT SAM, | ) |
| | ) Bankruptcy No. 18-01093 |
| Debtor. | ) |

Date of Hearing:   August 20, 2018

APPEARANCES:

For Debtor: Brian Peters and Kevin Ahrenholz
For Parties-In-Interest: Steven Kesner for Ralph and Vena Helm
Case Trustee: Carol Dunbar

NATURE OF PROCEEDING:        ____ In Court    _X_ Telephonic

 Document Re: Rental Deposit _____

IT IS ORDERED THAT:

At the time of hearing, the parties agreed that the Document Re: Rental Deposit should be continued and reset with the Motion for Relief from Stay filed by Ralph and Vera Helm.   The Document Re: Rental Deposit is set for

**September 4, 2018 at 2:00 p.m.**

by telephone conference call.   ATTORNEY FOR MOVANT ON THE MOTION FOR RELIEF FROM STAY WILL BE INITIATING THE TELEPHONE CALL.

Dated and Entered ____August 20, 2018_____

_____
Thad J. Collins, Bankruptcy Judge

Case 18-01093 Doc 23-9 Filed 08/21/18 Entered 08/21/18 20:31:40 Desc Ntc Fixing Time Confirmation No Page 1 of 1

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

In Re:

Robert Sam

Debtor(s)

CHAPTER 13
Bankruptcy No.

18–01093

## NOTICE AND ORDER FIXING TIME TO OBJECT TO CONFIRMATION OF PLAN AND SETTING HEARING ON CONFIRMATION OF PLAN

TO ALL CREDITORS AND PARTIES IN INTEREST:

The debtor(s) filed a plan on August 10, 2018.

IT IS ORDERED AND NOTICE IS GIVEN THAT:

1. The last day for filing a written objection to the plan with the Clerk of Court with copies to Attorney for Debtor(s),

| Address of Clerk | Clerk of Bankruptcy Court<br>111 Seventh Avenue SE #15<br>Cedar Rapids, IA 52401–2101 | Attorney for Debtor(s) Address | Kevin D. Ahrenholz<br>620 Lafayette Street<br>PO Box 178<br>Waterloo, IA 50704–0178 |

and copies to the United States Trustee, United States Federal Courthouse, 111 7th Avenue SE, Box 17, Cedar Rapids, IA 52401; and Carol Dunbar, Trustee, 531 Commercial Street Ste 500, Waterloo, IA 50701 is:

### *September 21, 2018 at 4:30 p.m.*

2. The debtor is directed to serve a copy of the proposed plan immediately, if not previously served at time of filing of the plan, on all creditors and parties in interest as directed by the Federal Rules of Bankruptcy Procedure.

3. The hearing on confirmation of the plan will be held on:

### *October 16, 2018 at 01:30 PM*

*At: City Council Chambers, Historic Federal Bldg, 350 W. 6th Street, Dubuque, IA 52001*

ORDERED August 21, 2018

Thad J. Collins
Bankruptcy Judge

Case 18-01010   Doc 30   Filed 08/22/18   Entered 08/23/18 00:10:41   Desc Imaged Certificate of Notice   Page 1 of 2

United States Bankruptcy Court
Northern District of Iowa

In re:                                                              Case No. 18-01093-TJC
Robert Sam                                                          Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0862-2          User: admin              Page 1 of 1              Date Rcvd: Aug 20, 2018
                             Form ID: pdf902           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 22, 2018.
db            +Robert Sam,    7 Colony Ct,    Galena, IL 61036-8691

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 22, 2018                                 Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 20, 2018 at the address(es) listed below:
           Brian W. Peters    on behalf of Debtor Robert  Sam bankruptcy@iowa706.com
           Carol F. Dunbar    cfdunbar@cfu.net,   cdunbar13@ecf.epiqsystems.com
           Kevin D. Ahrenholz    on behalf of Debtor Robert  Sam ahrenholz@beecherlaw.com,
            cpetersen@beecherlaw.com;tpodhajsky@beecherlaw.com
           Steven G. Klesner    on behalf of Creditor Ralph & Vera  Helm steve@iclawfirm.com,
            dawn@iclawfirm.com;r50777@notify.bestcase.com
           United States Trustee    USTPRegion12.CR.ECF@usdoj.gov
                                                                       TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
**PROCEEDING MEMO AND ORDER**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 13 |
| ROBERT SAM, | ) | |
| | ) | Bankruptcy No. 18-01093 |
| Debtor. | ) | |

Date of Hearing:   August 20, 2018

APPEARANCES:

For Debtor: Brian Peters and Kevin Ahrenholz
For Parties-In-Interest: Steven Kesner for Ralph and Vena Helm
Case Trustee: Carol Dunbar

NATURE OF PROCEEDING:        ___ In Court     X   Telephonic

 Motion to Dismiss

IT IS ORDERED THAT:

By agreement of the parties, the Motion to Dismiss if MOOT.

Dated and Entered  ___August 20, 2018___

_____
Thad J. Collins, Bankruptcy Judge

Case 18-01093   Doc 31   Filed 08/22/18   Entered 08/23/18 00:10:41   Desc Imaged
Certificate of Notice   Page 1 of 2

United States Bankruptcy Court
Northern District of Iowa

In re:                                                          Case No. 18-01093-TJC
Robert Sam                                                      Chapter 13
     Debtor

## CERTIFICATE OF NOTICE

District/off: 0862-2        User: admin          Page 1 of 1          Date Rcvd: Aug 20, 2018
                           Form ID: pdf902       Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 22, 2018.
db              +Robert Sam,   7 Colony Ct,   Galena, IL 61036-8691

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 22, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 20, 2018 at the address(es) listed below:
          Brian W. Peters    on behalf of Debtor Robert  Sam bankruptcy@iowa706.com
          Carol F. Dunbar    cfdunbar@cfu.net,  cdunbar13@ecf.epiqsystems.com
          Kevin D. Ahrenholz    on behalf of Debtor Robert  Sam ahrenholz@beecherlaw.com,
           cpetersen@beecherlaw.com;tpodhajsky@beecherlaw.com
          Steven G. Klesner    on behalf of Creditor Ralph & Vera  Helm steve@iclawfirm.com,
           dawn@iclawfirm.com;r50777@notify.bestcase.com
          United States Trustee    USTPRegion12.CR.ECF@usdoj.gov
                                                              TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
**PROCEEDING MEMO AND ORDER**

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 13 |
| ROBERT SAM, | ) |
| | ) Bankruptcy No. 18-01093 |
| Debtor. | ) |

Date of Hearing:   August 20, 2018

<u>APPEARANCES</u>:

For Debtor: Brian Peters and Kevin Ahrenholz
For Parties-In-Interest: Steven Kesner for Ralph and Vena Helm
Case Trustee: Carol Dunbar

<u>NATURE OF PROCEEDING</u>:        ___In Court     _X_ Telephonic

 Motion to Withdraw as Attorney

<u>IT IS ORDERED THAT</u>:

By agreement of the parties, the Motion to Withdraw as Attorney filed by Brian Peters is GRANTED.

Dated and Entered  August 20, 2018

_____
Thad J. Collins, Bankruptcy Judge

Case 18-01093   Doc 32   Filed 08/22/18   Entered 08/23/18 00:10:41   Desc Imaged
Certificate of Notice   Page 1 of 2

United States Bankruptcy Court
Northern District of Iowa

In re:                                                          Case No. 18-01093-TJC
Robert Sam                                                      Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0862-2         User: admin            Page 1 of 1             Date Rcvd: Aug 20, 2018
                            Form ID: pdf902         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 22, 2018.
db             +Robert Sam,   7 Colony Ct,   Galena, IL 61036-8691

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                            TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 22, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 20, 2018 at the address(es) listed below:
          Brian W. Peters    on behalf of Debtor Robert  Sam bankruptcy@iowa706.com
          Carol F. Dunbar    cfdunbar@cfu.net,  cdunbar13@ecf.epiqsystems.com
          Kevin D. Ahrenholz    on behalf of Debtor Robert  Sam ahrenholz@beecherlaw.com,
           cpetersen@beecherlaw.com;tpodhajsky@beecherlaw.com
          Steven G. Klesner    on behalf of Creditor Ralph & Vera  Helm steve@iclawfirm.com,
           dawn@iclawfirm.com;r50777@notify.bestcase.com
          United States Trustee    USTPRegion12.CR.ECF@usdoj.gov
                                                               TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
**PROCEEDING MEMO AND ORDER**

|  |  |  |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 13 |
| ROBERT SAM, | ) | |
| | ) | Bankruptcy No. 18-01093 |
| Debtor. | ) | |

Date of Hearing:  August 20, 2018

APPEARANCES:

For Debtor: Brian Peters and Kevin Ahrenholz
For Parties-In-Interest: Steven Kesner for Ralph and Vena Helm
Case Trustee: Carol Dunbar

NATURE OF PROCEEDING:        ___In Court    _X_ Telephonic

 Debtor's Motion for Sanctions

IT IS ORDERED THAT:

Debtor's Motion for Sanctions is not ready to be before the Court as Debtor failed to serve all parties a copy of the Motion for Sanctions.

Dated and Entered  August 20, 2018

_____
Thad J. Collins, Bankruptcy Judge

United States Bankruptcy Court
Northern District of Iowa

In re:
Robert Sam
     Debtor

Case No. 18-01093-TJC
Chapter 13

## CERTIFICATE OF NOTICE

| District/off: 0862-2 | User: admin | Page 1 of 1 | Date Rcvd: Aug 20, 2018 |
|---|---|---|---|
| | Form ID: pdf902 | Total Noticed: 1 | |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 22, 2018.
db        +Robert Sam,   7 Colony Ct,   Galena, IL 61036-8691

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                             TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 22, 2018                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 20, 2018 at the address(es) listed below:
        Brian W. Peters   on behalf of Debtor Robert  Sam bankruptcy@iowa706.com
        Carol F. Dunbar   cfdunbar@cfu.net,  cdunbar13@ecf.epiqsystems.com
        Kevin D. Ahrenholz   on behalf of Debtor Robert  Sam ahrenholz@beecherlaw.com,
        cpetersen@beecherlaw.com;tpodhajsky@beecherlaw.com
        Steven G. Klesner   on behalf of Creditor Ralph & Vera  Helm steve@iclawfirm.com,
        dawn@iclawfirm.com;r50777@notify.bestcase.com
        United States Trustee   USTPRegion12.CR.ECF@usdoj.gov
                             TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
**PROCEEDING MEMO AND ORDER**

IN RE:                          )

                              )    Chapter 13

ROBERT SAM,             )

                              )    Bankruptcy No. 18-01093

      Debtor.             )

Date of Hearing:    August 20, 2018

APPEARANCES:

For Debtor: Brian Peters and Kevin Ahrenholz
For Parties-In-Interest: Steven Kesner for Ralph and Vena Helm
Case Trustee: Carol Dunbar

NATURE OF PROCEEDING:        ___In Court    _X_ Telephonic

 Document Re: Rental Deposit

IT IS ORDERED THAT:

At the time of hearing, the parties agreed that the Document Re: Rental Deposit should be continued and reset with the Motion for Relief from Stay filed by Ralph and Vera Helm. The Document Re: Rental Deposit is set for

**September 4, 2018 at 2:00 p.m.**

by telephone conference call. ATTORNEY FOR MOVANT ON THE MOTION FOR RELIEF FROM STAY WILL BE INITIATING THE TELEPHONE CALL.

Dated and Entered      August 20, 2018

                                      Thad J. Collins, Bankruptcy Judge

United States Bankruptcy Court
Northern District of Iowa

In re:                                                                Case No. 18-01093-TJC
Robert Sam                                                            Chapter 13
       Debtor

# CERTIFICATE OF NOTICE

District/off: 0862-2          User: admin          Page 1 of 2          Date Rcvd: Aug 21, 2018
                 Form ID: ntcorgpl          Total Noticed: 35

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 23, 2018.
```
db              +Robert Sam,    7 Colony Ct,   Galena, IL 61036-8691
2202242         +Amerigas,    2257 State Road 80,    Cuba City, WI 53807-9703
2202243         +Approved Financial,    175 SW 7th St Ste 1900,    Miami, FL 33130-2960
2202252         +CWCMR&H L.L.P,    2080 S Park Ct,    Dubuque, IA 52003-7986
2202246          Celtic Bank/Contfinco,    4450 New Linden Hill Rd,    Wilmington, DE  19808
2202247         +Continental Finance Co,    PO Box 8099,    Newark, DE 19714-8099
2202248         +Credit First N A,    6275 Eastland Rd,    Brook Park, OH 44142-1399
2202249         +Credit First National Assoc,    Attn: Bankruptcy,    PO Box 81315,    Cleveland, OH 44181-0315
2202253         +EM Strategies, Ltd,    1200 Maple Rd,    Joliet, IL 60432-1439
2202255         +Firestone,    PO Box 81344,    Cleveland, OH 44188-0001
2202257         +Iindigo,    2000 River Edge Pkwy,    Atlanta, GA 30328-4694
2202258          Jo-Carroll Energy,    796 US Hwy 20 W,    Elizabeth, IL  61028
2202261          MB Financial,    611 N River Rd,    Des Plaines, IL  60018
2202262         +MBB,    1460 Renaissance Dr,    Park Ridge, IL 60068-1331
2202263         +Med Busi Bur,    1460 Renaissance Dr,    Park Ridge, IL 60068-1349
2202264         +Med Business Bureau,    1460 Renaissance Dr #400,    Park Ridge, IL 60068-1349
2202265         +Mediacom,    3033 Asbury Road,    Dubuque, IA 52001-8434
2202266         +O'Connor & Thomas, P.C.,    1000 Main St,    Dubuque, IA 52001-6874
2202268         +Ralph & Vera Helm,    12584 Golfview Dr,    Huntley, IL 60142-7524
2202269         +Ralph and Vera Helm,    12584 Golf View Drive,    Huntley, IL 60142-7524
2202678         +Ralph and Vera Helm,    c/o Steven G. Klesner,    373 Scott Court, Suite B,    PO Box 3400,
                  Iowa City, IA 52244-3400
2202270         +Reflex,    PO Box 8099,    Newark, DE 19714-8099
2202271         +Thomas J. Nack,    Nack, Richardson & Nack, P.C.,    PO Box 336,    Galena, IL 61036-0336
2202272        ++US BANK,    PO BOX 5229,    CINCINNATI OH 45201-5229
                 (address filed with court: US Bank,    4325 17th Ave S,    Fargo, ND  58125)
2202273          Utilitys Inc.,    PO Box 11025,    Lewiston, ME  04243-9476
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
2202244          E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 21 2018 21:35:43      Capital One,
                  15000 Capital One Dr,    Richmond, VA  23238
2202245         +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 21 2018 21:35:56      Capital One,
                  Attn: Bankruptcy,    PO Box 30285,    Salt Lake City, UT 84130-0285
2202250         +E-mail/PDF: creditonebknotifications@resurgent.com Aug 21 2018 21:35:32      Credit One Bank Na,
                  PO Box 98875,    Las Vegas, NV 89193-8875
2202251         +E-mail/PDF: creditonebknotifications@resurgent.com Aug 21 2018 21:36:00      CreditOne Bank,
                  Attn: Bankruptcy,    PO Box 98873,    Las Vegas, NV 89193-8873
2202254         +E-mail/Text: bnc-bluestem@quantum3group.com Aug 21 2018 21:29:13      Fingerhut,
                  Attn: Bankruptcy,    PO Box 1250,    Saint Cloud, MN 56395-1250
2202256         +E-mail/Text: GenesisFS@ebn.phinsolutions.com Aug 21 2018 21:29:15      Genesis BC/Celtic Bank,
                  268 S State St Ste 300,    Salt Lake City, UT 84111-5314
2202259         +E-mail/Text: bnckohlsnotices@becket-lee.com Aug 21 2018 21:29:09      Kohls/Capital One,
                  PO Box 3120,    Milwaukee, WI 53201-3120
2202260         +E-mail/Text: bnckohlsnotices@becket-lee.com Aug 21 2018 21:29:09      Kohls/capone,
                  N56 W 17000 Ridgewood Dr,    Menomonee Falls, WI 53051-7096
2202267         +E-mail/Text: ecfbankruptcy@progleasing.com Aug 21 2018 21:29:11      Progressive Leasing,
                  256 West Data Dr,    Draper, UT 84020-2315
2202274         +E-mail/Text: bnc-bluestem@quantum3group.com Aug 21 2018 21:29:13      Webbank/Fingerhut,
                  6250 Ridgewood Rd,    Saint Cloud, MN 56303-0820
                                                                                  TOTAL: 10
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*             +Ralph & Vera Helm,    12584 Golfview Dr,    Huntley, IL 60142-7524
                                                                    TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 23, 2018                                    Signature:  _/s/Joseph Speetjens_

Case 18-01010    Doc 34    Filed 08/23/18    Entered 08/24/18 00:04:54    Desc Imaged
Certificate of Notice    Page 2 of 3

District/off: 0862-2          User: admin              Page 2 of 2          Date Rcvd: Aug 21, 2018
                             Form ID: ntcorgpl         Total Noticed: 35

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 21, 2018 at the address(es) listed below:
       Carol F. Dunbar    cfdunbar@cfu.net,   cdunbar13@ecf.epiqsystems.com
       Kevin D. Ahrenholz    on behalf of Debtor Robert  Sam ahrenholz@beecherlaw.com,
       cpetersen@beecherlaw.com;tpodhajsky@beecherlaw.com
       Steven G. Klesner    on behalf of Creditor Ralph & Vera  Helm steve@iclawfirm.com,
       dawn@iclawfirm.com;r50777@notify.bestcase.com
       United States Trustee    USTPRegion12.CR.ECF@usdoj.gov
                                                                              TOTAL: 4

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

CHAPTER 13

In Re:

Bankruptcy No.

Robert Sam

18–01093

Debtor(s)

## NOTICE AND ORDER FIXING TIME TO OBJECT TO CONFIRMATION OF PLAN AND SETTING HEARING ON CONFIRMATION OF PLAN

TO ALL CREDITORS AND PARTIES IN INTEREST:

The debtor(s) filed a plan on August 10, 2018.

IT IS ORDERED AND NOTICE IS GIVEN THAT:

1. The last day for filing a written objection to the plan with the Clerk of Court with copies to Attorney for Debtor(s),

| Address of Clerk | Clerk of Bankruptcy Court 111 Seventh Avenue SE #15 Cedar Rapids, IA 52401–2101 | Attorney for Debtor(s) Address | Kevin D. Ahrenholz 620 Lafayette Street PO Box 178 Waterloo, IA 50704–0178 |
|---|---|---|---|

and copies to the United States Trustee, United States Federal Courthouse, 111 7th Avenue SE, Box 17, Cedar Rapids, IA 52401; and Carol Dunbar, Trustee, 531 Commercial Street Ste 500, Waterloo, IA 50701 is:

### *September 21, 2018 at 4:30 p.m.*

2. The debtor is directed to serve a copy of the proposed plan immediately, if not previously served at time of filing of the plan, on all creditors and parties in interest as directed by the Federal Rules of Bankruptcy Procedure.

3. The hearing on confirmation of the plan will be held on:

### *October 16, 2018 at 01:30 PM*

### *At: City Council Chambers, Historic Federal Bldg, 350 W. 6th Street, Dubuque, IA 52001*

ORDERED August 21, 2018

Thad J. Collins
Bankruptcy Judge

Case 18-01093   Doc 39   Filed 09/05/18   Entered 09/05/18 12:51:23   Desc Cont'd
Pleadings (Record)   Page 14 of 37

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Case No. 18-01093 |
| | ) | |
| Robert Sam | ) | Ch. 13 |
| | ) | |
| Debtor. | ) | |

## <u>RESISTANCE TO MOTION TO LIFT AUTOMATIC STAY</u>

COMES NOW the Debtor, Robert Sam, by and through his attorney, Kevin D.

Ahrenholz, hereby files his resistance to Ralph and Vena Helm's Motion for Relief from

Automatic Stay, and in support hereof states as follows:

1.      Ralph and Vena Helm filed their Motion for Relief from Automatic Stay (Doc. 13) on August 14, 2018.

2.      A telephone hearing on this matter is scheduled for September 4, 2018 at 2:00 p.m.

3.      The Creditor has not asserted any provable grounds upon which the stay could or should be lifted against the Debtor, Robert Sam.

4.      The stay should remain in place in order to give the Debtor an opportunity to confirm a plan and repay creditors.

WHEREFORE, Debtor respectfully requests the Court deny Creditor's Motion for Relief from Automatic Stay.

Respectfully submitted,


 */s/ Kevin D. Ahrenholz*
Kevin D. Ahrenholz (AT0000438)
For BEECHER, FIELD, WALKER,
MORRIS, HOFFMAN & JOHNSON, P.C.
620 Lafayette Street, Suite 300
P.O. Box 178
Waterloo, IA 50704
PHONE: 319-234-1766
FAX: 319-234-1225

Case 18-01093 Doc 36 Filed 09/04/18 Entered 09/04/18 11:43:03 Desc Main
Document Page 1 of 22

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Case No. 18-01093 |
| | ) | |
| Robert Sam | ) | Ch. 13 |
| | ) | |
| Debtor. | ) | |

## MOTION TO CHANGE VENUE AND
## SUPPLEMENTAL RESISTANCE FOR RELIEF FROM AUTOMATIC STAY

COMES NOW the Debtor, Robert Sam, by and through his attorney, Kevin D.

Ahrenholz, and hereby moves to change venue to the United States Bankruptcy Court for the

Northern District of Illinois, and in support hereof states as follows:

1.    The Debtor recently moved from Orland Park, Illinois to Galena, Illinois.

2.    In researching a bankruptcy attorney near his new home in Galena, he was put in touch with Brian Peters of Dubuque, Iowa.

3.    Mr. Peters filed this action in the Northern District of Iowa.

4.    Mr. Peters thereafter withdrew from representation, and it has come to light that all of the parties involved, the debtor, and creditors, all live in closer proximity to Rockford, Illinois where the Northern District of Illinois Bankruptcy Court sits.

5.    The facts presently before the Court involve issues of Illinois law, including issues relating to seller financing, real estate contracts, leases, and evictions.

6.    Given the proximity of the Rockford, Illinois Court to the parties, and its familiarity with Illinois law, the debtor moves to change venue to the Northern District of Illinois.

7.    The debtor furthermore supplements his previous Resistance to the Motion to Lift Stay by stating that in addition to the lease and eviction, which has wrongfully involved the debtor, this transaction involves a contract for the sale of single-family residential real estate between the creditors and the KKS Trust. The lease also involves the KKS Trust, and the lease and contract together invoke certain rights in the KKS Trust which impact the debtor. (See Exhibit A, Contract and Lease).

8.      The debtor asserts that the Stay should not be lifted until KKS Trust has had an opportunity to assert its rights under the lease and contract, and defend any actions relating to the lease and the contract.

9.      The interrelationship between the contract and the lease involves issues of seller financing which also would involve the KKS Trust and the debtor in this bankruptcy proceeding.

10.     For these reasons, the debtor requests that the stay remain in place until those issues can be played out in state court, which will be done in Illinois.

WHEREFORE, Debtor respectfully requests that the Court change venue to the United States Bankruptcy Court for the Northern District of Illinois, and also deny the creditor's Motion to Lift Stay.

Respectfully submitted,


 */s/ Kevin D. Ahrenholz*
Kevin D. Ahrenholz (AT0000438)
For BEECHER, FIELD, WALKER,
MORRIS, HOFFMAN & JOHNSON, P.C.
620 Lafayette Street, Suite 300
P.O. Box 178
Waterloo, IA 50704
PHONE: 319-234-1766
FAX: 319-234-1225

Authentisign ID: 823E74BD-7FA1-4538-9E53-753B5CB429CC

# CONTRACT FOR THE SALE OF SINGLE FAMILY RESIDENTIAL REAL ESTATE

1. **Parties.** Purchaser, ____KKS Trust by Robert Sam_____, agree(s) to purchase, and Seller Ralph Helm and Vera Helm, agree to sell and cause to be conveyed by warranty deed to Purchaser, or Purchaser's written nominee, the real estate hereinafter described together with all improvements thereon and appurtenances thereto (collectively the "Premises") at the price and on the terms set forth below.

2. **Real Estate.** The Premises to be conveyed by Seller to Purchaser is that which is legally described as Lot 4 in Eagle Ridge Unit 12 of Branigar's The Galena Territory, and otherwise that which is set forth on Seller's existing title evidence, commonly known as 7 Colony Ct, Galena, IL 60136

3. **Fixtures and Personal Property.** (Check applicable items) Seller agrees to transfer to Purchaser by a Warranty Bill of Sale, in their "as is" condition (unless otherwise provided herein) all heating, electrical, plumbing and other attached fixtures as installed and all other items of tangible personalty in the home on the date of the lease to which this contract is an attachment.

4. **Purchase Price.** The purchase price of $444,000.00 shall be paid to Seller as follows: Purchaser shall pay at the time of delivery of this contract the sum of $25,000.00 as the initial earnest money shall be applied on the purchase price; the earnest money shall be forfeited if Purchaser's obligations to Seller hereunder are breached. The initial earnest money shall be deposited with Galena-Real Estate Company Purchaser shall satisfy the balance of the purchase price, plus or minus prorations in cash or by certified or cashier's check at the time of closing.

5. **Financing.** Deliberately left blank—there is no financing contingency.

6. **Closing.** Closing (or escrow payout if applicable) shall be on a date agreed to by the parties not later than sixty days after the date of delivery of this contract to Sellers, provided title has been shown good or is accepted by Purchaser. Unless subsequently mutually agreed otherwise, the closing shall take place at the office of the Title Escrow Agent, if any, or if none, at the office of Seller's attorney.

7. **Possession.** Purchaser presently occupies the premises as Lessee.

8. **Lead-Based Paint.** The Premises were not constructed before 1978.

9. **Commission.** Realtor's commission due and owing for this transaction Seller shall be paid at closing.

10. **Acceptance.** The offer contained herein shall be deemed accepted by Seller upon delivery to Seller provided it is consistent with the terms of the lease agreement executed between the parties hereto on __Jan 19th_____ 2018.

11. **Additional Provisions.** This Contract includes those additional provisions contained hereafter.

12. **Contract Form.** The CONTRACT FORM IS selected by the parties four use in this transaction. REPRODUCTIONS OR FACSIMILE TRANSMISSIONS OF THE EXECUTED ORIGINAL OF THIS CONTRACT (WITH REPRODUCED SIGNATURES) SHALL BE DEEMED TO BE ORIGINAL COUNTERPARTS OF THIS CONTRACT.

13. **Legal and Binding.** THIS FORM WILL BECOME A LEGALLY BINDING CONTRACT WHEN SIGNED AND, IF NOT UNDERSTOOD, THE PARTIES MAY WISH TO CONSULT AN ATTORNEY BEFORE SIGNING. **The parties are cautioned that neither the brokers nor the attorneys involved in this transaction are to be looked to for advice as to the condition of the Premises.**

14. **Condition of Title.** Seller shall convey or cause to be conveyed to Purchaser at closing good and merchantable title to the Premises free of all homestead rights of Seller and his spouse and subject only to the following permitted exceptions, if any, currently affecting the Premises: (a) general real estate taxes not yet due or payable at the time of closing; (b) special assessments and taxes confirmed after the of the lease agreement between the parties date for improvements not yet completed; (c) building set-back lines; (d) recorded use or occupancy restrictions; (e) zoning laws and ordinances; (f) covenants, conditions and restrictions of record provided that same do not contain a reverter or right of re-entry; and (g) perimeter public utility easements, drainage ditches, feeders, laterals, and drain tiles, provided that none of same underlie any existing improvements on the Premises.

15. **Title Insurance.** At least 30 days prior to the proposed closing date, Seller shall furnish or cause to be furnished to Purchaser, at Seller's expense, a commitment for an American Land Title Association owner's title insurance policy issued by a title insurance company licensed to do business in the State of Illinois bearing date on or after the date hereof, naming Purchaser as the proposed insured in the amount of the Purchase Price, showing title to the Premises in the intended grantor, subject only to: (a) the permitted exceptions set forth in Paragraph 14 above; (b) title exceptions pertaining to liens or encumbrances of a definite or ascertainable amount, which may be removed by the payment of a sum of money at the time of closing (which sum shall be deducted from the Purchase Price and paid to obtain the release of such items); (c) acts done or suffered by or judgments against Purchaser, or those claiming by, through or under Purchaser; and (d) not raising any exception as to lack of public access. Such title commitment shall be conclusive evidence of the condition of title to

Exhibit "A"

Authentisign ID: 823E74BD-7FA1-4538-9E53-753B5CB429CC

the Premises except for matters not covered or insured against thereby. If Seller permits Purchaser or Purchaser's mortgage lender to procure the title insurance, Seller shall not be chargeable with any delay in the receipt of said commitment.

16. **Plat of Survey**. At least 14 days prior to scheduled closing, Seller shall, at their expense, provide to Purchaser a plat of survey of the Premises prepared by an Illinois registered land surveyor, dated not more than six months prior to the date of closing hereunder (or such more recent date as Purchaser's mortgage lender may require), showing: (a) all corners of the Premises to be monumented with iron pipes or other monumentation sufficient to define the corners; (b) the location of all improvements and fencing on the Premises and the distances from same to the various lot lines; (c) all set-back lines and easements of record; and (d) any encroachments by improvements located on adjacent property onto the Premises.

17. **Title Defects**. If the title insurance commitment or plat of survey discloses unpermitted exceptions or other title defects, Seller shall have 30 days from the date of delivery thereof to have the exceptions or defects removed or otherwise remedied or to have the title insurer commit to insure Purchaser against loss or damage that may be occasioned by such exceptions or defects, and, in such event, the time of closing shall be 35 days after delivery of the title commitment and survey or the time specified in Paragraph 6 above (whichever is later). If Seller fails to have the unpermitted title exceptions or title defects removed, or in the alternative to obtain the commitment of the title insurer to insure over such exceptions or defects within the specified time, Purchaser may terminate this Contract or may elect, upon notice to Seller within 10 days after the expiration of the 30-day period, to take title as it then is with the right to deduct from the Purchase Price liens or encumbrances of a definite or ascertainable amount. If Purchaser does not so elect, this Contract shall become null and void without further action of the parties and all earnest money shall be refunded to Purchaser.

18. **Additional Performance by Seller**. Seller, at his own expense, shall also furnish to Purchaser at closing the following:
(A) recordable general warranty deed (or other appropriate deed if title is derived from a fiduciary) subject only to the title exceptions permitted herein, and including a release of all homestead rights; (B) an affidavit of title covering the date of closing together with such other documents as are reasonably required for the issuance of an ALTA Mortgage Title Insurance Policy;
C.) a bill of sale with warranty of title for the personal property, if any, itemized in Paragraph 3 above;
(D) such information as Purchaser may reasonably require in order to comply with Section 1445 of the Internal Revenue Code and the Treasury Regulations promulgated there under; Seller shall pay the reasonable reporting fee, if any, charged by the lender or the title insurer.

19. **Joint Undertakings**. Purchaser and Seller shall tender and provide to each other at closing all such information, shall execute and deliver all such documents, and shall otherwise tender to the other all such performance as may be required to cause each party to comply with the provisions of (a) the RESPA, (b) Section 6045(e) of the Internal Revenue Code and, (c) any regulations promulgated there under and any and all other applicable laws.

20. **Prorations**. General real estate taxes shall be prorated on the basis of the last known tax bill on the Premises. Seller shall pay all State of Illinois and County real estate transfer taxes. Any applicable municipal transfer tax shall be paid by the party described in said ordinance. All utilities, service contracts, homeowner's association assessments and reserve deposits, premiums of hazard insurance policies, shall be prorated as of the date of closing. All prorations shall be final as of the date of closing.

21. **Escrow Closing**. This sale shall be closed through an escrow with the title insurer ("escrowee") in accordance with the general provisions of the usual form of deed and money escrow agreement then in use by the escrowee, with such special provisions inserted in the escrow agreement as may be required to conform with this Contract. The cost of the escrow shall be paid consistent with such Title Insurer policy.

22. **Disposition of Earnest Money By Escrowee**. If Purchaser defaults, Seller may seek such damages or pursue such other remedies as may be available to Seller under Illinois law. If Seller defaults, the earnest money shall be refunded to Purchaser upon the joint direction of the parties but such refunding shall not release Seller from his obligations under this Contract nor foreclose the right of Purchaser to pursue other remedies (including, without limitation, specific performance). Except as otherwise set forth herein, in the event of default, the earnest money shall continue to be held by Seller's Realtor, Galena-Real Estate Co..

23. **Condition of Premises and Inspection**. Purchaser is currently occupying the premises and is responsible for the condition of the premises.

24. Miscellaneous.
(A) The provisions of the Uniform Vendor and Purchaser Risk Act of the State of Illinois shall be applicable to this Contract.
(B)) Time is of the essence of this Contract.
(C) All notices, elections and waivers required or otherwise given hereunder shall be in writing and shall be served, unless otherwise provided, on the parties or their respective

Authentisign ID: 823E74BD-7FA1-4538-9E53-753B5CB429CC

attorneys, if any, personally or by certified mail with postage prepaid and deposited into the United States mail (return receipt requested) or by facsimile transmission. If mailed as aforesaid, notices, elections and waivers shall be deemed given on the date of such mailing (except as elsewhere provided herein).

(D) The singular shall include the plural and the masculine shall include both feminine and neuter, whenever appropriate.

(F) Purchaser will obtain flood insurance if required by Purchaser's lender.

(G) Judicial Proceedings resulting from this Contract or the alleged breach or enforcement thereof, the party prevailing in said proceeding shall be entitled to recover his/their costs and expenses (including, without limitation, reasonable attorneys' fees and costs incurred in any action arising under Paragraph 22 above) from the non-prevailing party.

Date of Offer: 1/19/2018 _____

Purchaser: _Robert Sam_
1/19/2018 12:56:46 PM CST

Seller: _Ralph H____ + Vera R. Helm_

Address: _RALPH HELM  VERA R. HELM_
_12584 GOLF VIEW DR HUNTLEY, IL  60142_

$25,000.00 escrow money for the purchase will be delivered no later than February 1ˢᵗ, 2019 [RS] RH VH.

Page 3 of 3

Authentisign iD: 823E74BD-7FA1-4538-9E53-753B5CB429CC

## LEASE AGREEMENT

### Preamble

This lease agreement is made and entered into this ___19___ day of
___Jan_____ 2018, at Huntley, Illinois, by and between **Ralph Helm and Vera
Helm**, hereinafter called "Lessor", and ___**KKS Trust by Robert
Sam**_____, hereinafter called "Lessee."

### ARTICLE 1. DEMISE, DESCRIPTION, USE, TERM, AND RENT

Section 1.01. Lessor hereby leases to Lessee, and Lessee hereby leases
from Lessor, that certain property, hereinafter called the "leased premises,"
known as 7 **Colony Ct.**, **Galena**, situated in **Jo Davies County, Illinois**,
which shall include all existing improvements to said premises to be used as a
single family residence, for the term commencing, and terminating on April 1,
2019, for the initial monthly rental of $5,000.00 payable as specified in
Article 2 hereof. In addition, Lessee agrees to abide by all rules and
regulations of the Homeowners Association to which the premises, and all
occupants, are subject.

### Delivery of Possession

Section 1.02. The premises shall be delivered to Lessee on the date of
the execution hereof in its existing condition.

### ARTICLE 2. RENT

### Monthly Rent

Section 2.01. Lessee shall pay Lessor at such place as the Lessor
shall designate from time to time in writing, the monthly sum of
$5,000.00, payable without prior demand and without any setoff or
deduction whatsoever, except as expressly provided herein. Rent payments
shall be made in arrears on the 1st day of each calendar month commencing
March 1, 2018 (for the rent due for February 2018) and shall continue
thereafter through March 31, 2019. Lessor will credit the sum of
$2,000.00 per month, commencing with the rent payment made March 1, 2018,
shall be credited from the rentals paid during the term of the lease
against the purchase price as set forth in the option contract made a
part hereof as Exhibit 1 if the sale of the property is completed as
described in the option contract. Occupancy of the premises shall be
granted on February 1, 2018.

### Effect of Default in Rent and Other Payments

Section 2.02. If Lessee defaults in the payment of any installment of
rent hereunder, such installment shall bear interest at the rate of eight
percent (8%) per annum from the 5th day after it is due until actually paid,
except real estate taxes which shall bear the interest rate charged for late
payment. In like manner, all other obligations, benefits, and moneys which may
become due to Lessor from Lessee under the terms hereof, or which are paid by
Lessor because of Lessee's default hereunder, shall bear interest at the rate
of eight percent (8%) per annum from the 5th day after due date until paid, or,
in the case of sums paid by Lessor because of Lessee's default hereunder, from
the date such payments are made by Lessor until the date Lessor is reimbursed
by Lessee therefore.

Authentisign ID: 823E74BD-7FA1-4538-9E53-753B5CB429CC

## Intention of the Parties

Section 2.03. It is the purpose and intent of the parties hereto that this lease shall yield to Lessor the gross amount of the rental specified above.

## ARTICLE 3. TAXES AND ASSESSMENTS

### Payment by Lessor

Section 3.01. Lessor shall pay the general real estate tax bill and the Property Owners' Association fees levied on or assessed against the leased premises.

### Hold Harmless Clause

Section 3.02. Except for Lessor's negligent acts, Lessee agrees to and shall protect and hold harmless Lessor and the leased premises from liability for any and all utility bills incurred during Lessee's occupancy, together with any interest, penalties, or other sums thereby imposed, and from any sale or other proceeding to enforce payment thereof.

## ARTICLE 4. INSURANCE

### Lessee's Obligation

Section 4.01. Lessee agrees to and shall, prior to possession, secure from a good and responsible company or companies doing insurance business in the State of Illinois, and maintain during the entire term of this lease, the following coverage:

(a) Public liability insurance in the minimum amount of $1,000,000.00 per occurrence for loss from an accident resulting in bodily injury to or death of persons, and $500,000.00 for loss from an accident resulting in damage to or destruction of property. Such amounts shall be reviewed by the parties annually to determine their continuing reasonableness.

(b) Fire and extended coverage insurance on the personal property of Lessee in the premises.

### Proceeds

Section 4.02. Proceeds from any fire or casualty policy or policies in the name of Lessors, insuring the underlying premises, shall be payable to Lessor, who shall, use such proceeds to make repairs as provided below.

### Fire and Casualty Damage

Section 4.03. If the building or other improvements on the leased premises should be damaged or destroyed by fire, flood, or other casualty, Lessee shall give immediate written notice thereof to Lessor.

Authentisign ID: 823E74BD-7FA1-4538-9E53-753B5CB429CC

## Total Destruction

(a) If the building on the leased premises should be totally destroyed by fire, flood, or other casualty, or if it should be so damaged that rebuilding or repairs cannot reasonably be completed within 15 working days from the date of written notification by Lessee to Lessor of the occurrence of the damage, this lease shall terminate and rent shall be abated for the unexpired portion of this lease, effective as of the date of said written notification. Total destruction shall be determined by the Jo Davies County building department and the insurance carrier insuring the leased premises. Lessee shall be entitled to refund of $2,000.00 per month from rent paid prior to destruction set forth above.

## Partial Damage

(b) If the building or other improvements on the leased premises should be damaged by fire, flood, or other casualty, but not to such an extent that rebuilding or repairs cannot reasonably be completed within 15 working days from the date of written notification by Lessee to Lessor of the occurrence of the damage, this lease shall terminate. If the building and other improvements are to be rebuilt or repaired and are untenantable in whole or in part following such damage, the rent payable hereunder during the period in which they are untenantable shall be adjusted equitably or in the event that Lessee cannot occupy the premises, rent shall be abated. Lessee may at its option terminate this lease by written notification at such time to Lessor, whereupon all rights and obligations hereunder shall cease. Lessor agrees to consult with Lessee as to proposed contractors to be used for repair but final decision shall be Lessor's.

(c) See also Lessee's option to Purchase set out in paragraph 17 hereof.

## Subrogation

4.04 The parties hereby waive each from the other any and all right of recovery for any loss to the premises or contents thereof that is within the scope of any fire and extended coverage policy carried by each party. The parties shall look solely to their respective insurance carrier for reimbursement of covered losses.

ARTICLE 5. UTILITIES

## Lessee's Obligation

Section 5.01. Lessee shall from and after taking possession of the premises and during the full term hereof pay all charges for telephone, internet, gas, electricity, sewage, and water used in or on the leased premises and for the removal of rubbish there from immediately on becoming due and shall hold Lessor harmless from any liability therefore. Lessee further agrees to pay all charges for repairs to water meters on the leased premises whether necessitated by ordinary wear and tear, temperature extremes, accident, or any other causes. Such payments shall be made immediately on becoming due.

Authentisign ID: 823E74BD-7FA1-4538-9E53-753B5CB429CC

ARTICLE 6.   WASTE AND NUISANCE

Section 6.01.   Lessee shall not commit, or suffer to be committed, any waste on the leased premises, nor shall she maintain, commit, or permit the maintenance or commission of any nuisance on the leased premises or use the leased premises for any unlawful purpose.

ARTICLE 7.   REPAIRS

Lessee's Duty to Repair and Maintain

Section 7.01.   Lessee agrees to keep the leased premises in good order and repair and make any improvements to conform the building itself to appropriate regulation as regards Lessee's use as defined in the purpose clause hereof consistent with the building code requirements of the Jo Davies County and the Galena Territories and requirements of any other governmental body having jurisdiction over the premises. Lessee further agrees to keep the leased premises clean, and to repair or replace all broken or damaged doors, windows, plumbing fixtures and pipes, floors, stairways, railings, or other portions of the leased premises, including damage caused by moisture from broken windows and plumbing fixtures which Lessee is required to repair.   Lessee shall keep the paved portion of the premises and appurtenances free of ice and snow and trash. Lessee shall permit Lessor to inspect the premises at anytime upon not less than eight hours prior notice.

ARTICLE 8.   ALTERATIONS, IMPROVEMENTS, AND FIXTURES

Section 8.01.   Except as otherwise provided above, Lessee shall not alter or improve the leased premises without the prior written consent of Lessor to do so. Lessee shall submit all plans and designs for remodeling to Lessor for its approval, and in the event that the plans and designs are disapproved by Lessor, such changes shall not be made until reasonable changes to the plans required by Lessor are made.

ARTICLE 9.   QUIET POSSESSION

Covenant of Quiet Possession

Section 9.01.   Lessor shall, on the commencement date of the term of this lease as hereinabove set forth, place Lessee in quiet possession of the leased premises and shall secure him in the quiet possession thereof against all persons claiming the same during the entire lease term and each extension thereof.

Covenant Regarding Encumbrances

Section 9.02. (a) Lessor covenants that the leased premises are not subject to any lien, claim, or encumbrance, except as hereinafter set forth, and that it is not in default or arrears in the making of any payment or the performance of any obligation relating to the leased premises.
(b) The leased premises are subject to the following:
(1) Unpaid taxes for the calendar year 2017.
(2) All conditions of record as reflected in attached Chicago Title Insurance Policy and as such policy will be updated to date of closing.

Authentisign ID: 523E74BD-7FA1-4538-9E53-753B5CB429CC

Subordination

Section 9.03. This lease and any extensions of the term hereof shall be subordinate, at the option of Lessor, to any and all mortgages or assignments given by Lessor on the leased premises and to all refinancing liens upon the property.

ARTICLE 10. SECURITY DEPOSIT

Receipt of Deposit

Section 10.01. Lessor shall not require a security deposit from Lessee.

ARTICLE 11. TERMINATION OR EXTENSION

Effect of Holding Over

Section 11.01. In the event Lessee unlawfully holds over beyond the expiration of the term hereof, such holding over shall be deemed a month-to-month tenancy only, at the rental of 1.5 times the most recent monthly rent, payable on the 1st day of each month thereafter until the tenancy is terminated in a manner provided by law.

ARTICLE 12. SURRENDER OF PREMISES

Removal of Property

Section 12.01. Lessee shall, without demand therefore and at his own cost and expense upon the expiration or earlier termination of the term hereof or of any extended term hereof remove all property belonging to him and all alterations, additions, or improvements, and fixtures which by the terms hereof she is permitted to remove; repair all damage to the leased premises caused by such removal; and restore the leased premises to the condition they were in prior to the installation of the property so removed. Any property not so removed shall be deemed to have been abandoned by Lessee and may be retained or disposed of by Lessor.

Surrender

Section 12.02. Lessee agrees to and shall, on expiration or earlier termination of the term hereof, promptly surrender and deliver the leased premises to Lessor without demand therefore in good condition.

ARTICLE 13. CONDEMNATION

All of Premises

Section 13.01. If during the term of this lease or any extension or renewal thereof, all of the leased premises should to taken for any public or quasi-public use under any law, ordinance, or regulation or by right of eminent domain, or should be sold to the condemning authority under threat of condemnation, this lease shall terminate and the rent shall be abated during the unexpired portion of this lease, effective as of the date of the taking of said premises by the condemning authority. In addition Lessee shall be entitled

Authentisign ID: 823E74BD-7FA1-4538-9E53-753B5CB429CC

to a refund from Lessor of $2,000.00 per month for rental payments made prior
to termination of lease, except the credit for February 2018 shall be as set
forth above.

## Partial Condemnation

Section 13.02. If less than all of the leased premises shall be taken
for any public or quasi-public use under any law, ordinance, or regulation, or
by right of eminent domain, or should be sold to the condemning authority under
threat of condemnation, this lease shall terminate.

## Allocation of Awards

Section 13.03. Lessor and Lessee shall each be entitled to receive and
retain such separate awards and portions of lump-sum awards as may be allocated
to their respective interest in any condemnation proceedings. The termination
of this lease shall not affect the rights of the respective parties to such
awards. If Lessee exercises its option to purchase hereunder, Lessee shall be
entitled to any award otherwise allocated to Lessor.

ARTICLE 14. DEFAULTS AND REMEDIES

## Default by Lessee

Section 14.01. If Lessee shall allow the rent to be in arrears more than
5 days or shall remain in default under any other condition of this lease for a
period of 5 days after written notice from Lessor, or should any person other
than Lessee secure possession of the premises, or any part thereof, by reason
of any receivership, bankruptcy proceedings, or other operation of law in any
manner whatsoever, Lessor may at its option, without notice to Lessee,
terminate this lease (or, in the alternative, Lessor may reenter and take
possession of said premises and remove all persons and property there from,
without being deemed guilty of any manner of trespass, and relet the premises
or any part thereof, for all or any part of the remainder of said term, to a
party satisfactory to Lessor, and at such monthly rental as Lessor may with
reasonable diligence be able to secure). Should Lessor be unable to relet
after reasonable efforts to do so, or should such monthly rental be less than
the rental Lessee was obligated to pay under this lease, or any renewal
thereof, plus the expense of reletting, then Lessee shall pay the amount of
such deficiency to Lessor.

## Cumulative Rights and Remedies

Section 14.02. All rights and remedies of Lessor under this lease shall
be cumulative, and none shall exclude any other right or remedy at law. Such
rights and remedies may be exercised and enforced concurrently and whenever and
as often as occasion therefore arises.

## Default by Lessor

Section 14.03. If Lessor defaults in the performance of any term,
covenant, or condition required to be performed by it under this agreement,
Lessee may elect either one of the following:

Authentisign ID: 823E74BD-7FA1-4538-9E53-753B5CB429CC

(a) After not less than 5 days' notice to Lessor, Lessee may remedy such default by any necessary action, and in connection with such remedy may pay expenses and employ counsel; all (reasonable) sums expended or obligations incurred by Lessee in connection therewith shall be paid by Lessor to Lessee on demand, and on failure of such reimbursement, Lessee may, in addition to any other right or remedy that Lessee may have, deduct the costs and expenses thereof from rent subsequently becoming due hereunder; or

(b) Elect to terminate this agreement on giving at least 30 days' notice to Lessor of such intention, thereby terminating this agreement on the date designated in such notice, unless Lessor shall have cured such default prior to expiration of the 30-day period, and

ARTICLE 15.   INSPECTION BY LESSOR

Section 15.01.   Lessee shall permit Lessor and its agents to enter into and upon the leased premises at all reasonable times upon at least 8 hours prior notice for the purpose of inspecting the same or for the purpose of maintaining or making repairs or alterations to the building.

ARTICLE 16.   ASSIGNMENT AND SUBLEASE

Assignment and Subletting by Lessee

Section 16.01.   Lessee shall not assign or sublet all or any portion of the leased premises without the prior written consent of Lessor. No consent to assign shall contain a release of Lessee from the obligations incurred in this lease.

Assignment by Lessor

Section 16.02.   Lessor is expressly given the right to assign any or all of its interest under the terms of this lease.

ARTICLE 17. OPTION TO RENEW AND OPTION TO PURCHASE

Section 17.01.   Option to Renew. NOT APPLICABLE.

Section 17.02.   Option to Purchase. Lessee shall have the option to purchase the leased premises for a price of $444,000.00. Said option shall be exercised, at anytime hereafter, by advising Lessor in writing of its intent to exercise said option not later than 5:00 pm on January 31, 2019. Said notice shall be delivered to Lessor at the same address as is then presently receiving Rent payments. Notice shall be in the form of the delivery of an executed copy of the real estate contract attached hereto as Exhibit A. Said option may only be exercised if Lessee is not in default of the terms of this lease at both the time of exercise of the option and at the closing of the purchase.

ARTICLE 18. MISCELLANEOUS

Notices and Addresses

Section 18.01.   All notices provided to be given under this agreement shall be given by certified mail, addressed to the proper party, at the following addresses:

Authentisign ID: 823E74BD-7FA1-4538-9E53-753B5CB429CC

Lessor:      12584 Golf View Drive,
             Huntley, IL 60142

Lessee:      7 Colony Ct, Galena, IL 61036

or at such other place as the parties shall designate from time to time in writing by notice consistent with the terms hereof.

## Parties Bound

Section 18.02.  This agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors, and assigns when permitted by this agreement.

## Applicable Law

Section 18.03.  This agreement shall be construed under and in accordance with the laws of the State of Illinois.

## Legal Construction

Section 18.04.  In case any one or more of the provisions contained in this lease shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision thereof and this lease shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## Sole Agreement of the Parties

Section 18.05.  This lease constitutes the sole agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties respecting the subject matter within it.

## Amendment

Section 18.06.  No amendment, modification, or alteration of the terms hereof shall be binding unless the same shall be in writing, dated subsequent to the date hereof, and duly executed by the parties hereto.

## Rights and Remedies Cumulative

Section 18.07.  The rights and remedies provided by this lease are cumulative, and the use of any one right or remedy by either party shall not preclude or waive its right to use any or all other remedies.  Said rights and remedies are given in addition to any other rights the parties may have by law, statute, ordinance, or otherwise.

## Waiver of Default

Section 18.08.  No waiver by the parties hereto of any default or breach of any term, condition, or covenant of this lease shall be deemed to be a waiver of any other breach of the same or any other term, condition, or covenant contained herein.

Authentisign ID: 823E74BD-7FA1-4538-9E53-753B5CB429CC

Attorney's Fees

Section 18.09.  In the event Lessor or Lessee breaches any of the terms
of this agreement and the party not in default employs attorneys to protect or
enforce its rights hereunder and a court order is entered finding such default,
then the defaulting party agrees to pay the other party reasonable attorney's
fees so incurred by such other party.

Time of Essence

Section 18.10.  Time is of the essence of this agreement.

Exculpation of Lessor

Section 18.11.  If Lessor shall convey title to the demised premises
pursuant to a sale or exchange of property, the Lessor shall not be liable to
Lessee or any immediate or remote assignee or successor of Lessee as to any act
or omission from and after such conveyance.

Recordation of Memo of Lease

Section 18.12. Lessor agrees to execute upon Lessee's request, a
memorandum of this lease for the purpose of recordation with the Jo Davies
County Recorder. The cost of recording shall be borne by Lessee.


IN WITNESS WHEREOF, the undersigned Lessor and Lessee hereto execute
this agreement as of the day and year first above written.

LESSEE

*Robert Sam*
1/18/2018 12:56:51 PM CST

LESSORS

Ralph Helm

Vera Helm

Case 18-01093 Doc 36 Filed 09/04/18 Entered 09/04/18 11:43:03 Desc Main
Document Page 15 of 22

Authentisign ID: 823E74BD-7FA1-4538-9E53-753B5CB429CC

Guarantee

FOR VALUE RECEIVED, the undersigned, hereby guarantees absolutely and unconditionally prompt payment when due, whether at maturity, by acceleration or otherwise, of the within Lease; and agrees to pay all costs and expenses, including attorney's fees, incurred by virtue of said lease terms and in the enforcement of this Guarantee. No renewal or extension of said lease, no release of any person, primarily or secondarily liable thereon, no delay in the enforcement of any obligation of the lease and no delay or omission in exercising any right or power under said Lease shall affect the liability of the undersigned hereunder. The undersigned expressly waives presentment, protest, demand, notice of dishonor or default, notice or acceptance of this Guarantee and notice of any kind with respect to said Lease or the performance of the obligations under said Lease. The undersigned consents and agrees to be bound by all of the terms and provisions of said Lease.

Address:

7 Colony Ct
Galena Illinois 61036

Signature:

Authentisign
*Robert Sam*

1/19/2018 12:56:53 PM CST

Authentisign ID: 823E74BD-7FA1-4538-9E53-753B5CB429CC



## ILLINOIS REALTORS®
## TERMS OF NON-EXCLUSIVE BUYER REPRESENTATION
### (DESIGNATED AGENT)



If Buyer chooses to work with _____**Jim Sullivan Realty**_____ (Brokerage Company hereinafter referred to as "Sponsoring Broker"). Sponsoring Broker shall designate the licensee below affiliated with Sponsoring Broker to act as a non-exclusive agent of the Buyer for the purpose of identifying and negotiating to acquire real estate for _____**7 Colony Ct.**_____ **Galena IL 61036** ("Buyer"). The term "acquisition" or "acquire" shall include the purchase, lease, exchange or option of real estate by Buyer or anyone acting on Buyer's behalf. By working with Sponsoring Broker, Buyer agrees that the following will govern the terms of their working relationship:

1. Sponsoring Broker designates _____**Jim Sullivan**_____ ("Buyer's Designated Agent") as the non-exclusive legal agent(s) of Buyer for the purpose of representing Buyer in the acquisition of real estate by Buyer.

2. Buyer may terminate this non-exclusive representation relationship at any time.

3. Buyer's Designated Agent Will:
   (a) Use Buyer's Designated Agent's best efforts to identify properties listed in the multiple listing service that meet the Buyer's specifications relating to location, price, features and amenities, as identified on the attached Buyers Information Checklist.
   (b) Arrange for inspections of properties identified by the Buyer as potentially appropriate for acquisition.
   (c) Advise Buyer as to the pricing of comparable properties.
   (d) Assist Buyer in the negotiation of a contract acceptable to the Buyer for the acquisition of property.
   (e) Provide reasonable safeguards for confidential information that the Buyer discloses to Buyer's Designated Agent.
   (f) Other services: _____

4. Sponsoring Broker Will:
   (a) Provide Buyer's Designated Agent with assistance and advice as necessary in Buyer's Designated Agent's work on Buyer's behalf.
   (b) Make the managing broker, or his designated representative, available to consult with Buyer's Designated Agent as to Buyer's negotiations for the acquisition of real estate, who will maintain the confidence of Buyer's confidential information.
   (c) Make other licensees affiliated with Sponsoring Broker aware of Buyer's general specifications for real property.
   (d) As needed, designate one or more licensees as designated agent(s) of Buyer.

5. Buyer Will:
   (a) Work with Buyer's Designated Agent to identify and acquire real estate during the time that this Agreement is in force.
   (b) Supply relevant financial information that may be necessary to permit Buyer's Designated Agent to fulfill Agent's obligations.
   (c) Be available upon reasonable notice and at reasonable hours to inspect properties that seem to meet Buyer's specifications.

6. Buyer's Designated Agent will have no duty to represent only Buyer, and Buyer's Designated Agent may represent other prospective buyers who may be interested in acquiring the same property or properties that Buyer is interested in acquiring.

7. Sponsoring Broker and Buyer expect that Sponsoring Broker's commission will be paid by the seller or the seller's sponsoring broker, for Sponsoring Broker's acting as a cooperating agent. Buyer will have no obligation to pay Sponsoring Broker.

8. The Sponsoring Broker and Buyer's Designated Agent are being retained solely as real estate professionals, and not as attorneys, tax advisors, surveyors, structural engineers, home inspectors, environmental consultants, architects, contractors, or other professional service providers. Such other professional service providers are available to render advice or services to the Buyer if desired, at Buyer's expense.

9. PREVIOUS REPRESENTATION: Buyer understands that Sponsoring Broker and/or Designated Agent may have previously represented the seller from whom you wish to purchase the property. During the representation, Sponsoring Broker and/or Designated Agent may have learned material information about the seller that is considered confidential. Under the law, neither Sponsoring Broker nor Designated Agent may disclose any such confidential information to you.

10. PARTIES UNDERSTAND AND AGREE THAT IT IS ILLEGAL FOR EITHER OF THE PARTIES TO REFUSE TO DISPLAY OR SELL SELLER'S PROPERTY TO ANY PERSON ON THE BASIS OF RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, ANCESTRY, AGE, ORDER OF PROTECTION STATUS, MARITAL STATUS, PHYSICAL OR MENTAL HANDICAP, MILITARY STATUS, SEXUAL ORIENTATION, UNFAVORABLE DISCHARGE FROM MILITARY SERVICE, FAMILIAL STATUS OR ANY OTHER CLASS PROTECTED BY ARTICLE 3 OF THE ILLINOIS HUMAN RIGHTS ACT. THE PARTIES AGREE TO COMPLY WITH ALL APPLICABLE FEDERAL, STATE AND LOCAL FAIR HOUSING LAWS.

Date copy furnished to Buyer ___**01/19/2018**___                    ___**Jim Sullivan Realty**___, Sponsoring Broker

By: ___*Jim Sullivan*___

*Robert Sam*
Authorized Signer                                                        Date ___01/19/2018___
1/19/2018 10:55:55 PM CST

FORM 341 (7/28/16) COPYRIGHT ILLINOIS REALTORS®                                          1/1

**This contract is for use by Realtor® Association of Northwestern Illinois. Use by any other party is illegal and voids the contract.**

Instanet

Case 18-01093 Doc 36 Filed 09/04/18 Entered 09/04/18 11:43:03 Desc Main Document Page 17 of 22

Authentisign ID: 823E74BD-7FA1-4538-9E53-753B5CB429CC



# REALTOR® ASSOCIATION OF NORTHWESTERN ILLINOIS
## BROKER RECOMMENDATION FOR USE OF
## REAL ESTATE PROFESSIONALS



Your real estate Broker recommends that you consider hiring the following real estate professionals in connection with your real estate transaction.

**Attorney:** Your Broker cannot provide you with legal advice in this or any transaction. Other third parties such as title companies and lenders also cannot provide you with legal advice. No one from our office should discourage you from receiving independent legal advice from your attorney. Seller and/or Buyer may require Attorney approval on the Contract for Purchase.

**Inspections:** A licensed home or building inspector can provide you with valuable services in general inspection of the improvements of the property. Additional inspections can be conducted, where appropriate, by qualified professionals for pest, well/septic, structural engineering, architectural or other specialized inspections. Your Contract for Purchase may or may not require the Seller to provide inspections at the Seller's expense, but an inspection may be requested by the Buyer.

**Surveyor:** A survey prepared by a licensed surveyor can establish the location of boundary lines, set-back lines, easements and/or possible encroachment that may exist. Your Contract for Purchase may or may not require the Seller to provide a survey at the Seller's expense, but a survey may be requested by the Buyer.

**Environmental:** Environmental conditions of the property can be reviewed by a qualified environmental assessment company. Specialized tests can be conducted for a variety of potentially hazardous conditions such as lead-based paint, radon, asbestos, buried waste and toxic mold. Your Contract for Purchase may or may not require the Seller to provide environmental testing at the Seller's expense, but environmental testing may be requested by the Buyer.

**Home Warranty Plan:** This is private insurance that provides protection to a Buyer against defects (usually in plumbing, heating, and electric) in the home being purchased. The period of insurance varies and both new and used homes may be insured. Your Contract for Purchase may or may not require the Seller to provide a Home Warranty Plan at the Seller's expense, but a Home Warranty Plan may be requested by the Buyer.

**Tax Advisor:** An attorney, accountant or other tax advisor may be able to provide you with tax advice in connection with this transaction. Broker recommends that Seller and/or Buyer consult with their Tax Advisor prior to entering into a Contract for Purchase.

_Jim Sullivan_

Broker    **Jim Sullivan**

## ACKNOWLEDGEMENT BY CLIENT

By signing below the Buyer/Seller understands and acknowledges the Broker's recommendation for the Use of Real Estate Professionals.

Authentisign
**Robert Sam**        01/19/2018

1/19/2018 12:56:57 PM CST

Client      Date      Client      Date

REP (01/24/2014)          Page 1 of 1

**This contract is for use by Realtor® Association of Northwestern Illinois. Use by any other party is illegal and voids the contract.** Instanet





### Illinois REALTORS®
### RESIDENTIAL REAL PROPERTY DISCLOSURE REPORT
### (765 ILCS 77/35)

NOTICE: THE PURPOSE OF THIS REPORT IS TO PROVIDE PROSPECTIVE BUYERS WITH INFORMATION ABOUT MATERIAL DEFECTS IN THE RESIDENTIAL REAL PROPERTY. THIS REPORT DOES NOT LIMIT THE PARTIES' RIGHT TO CONTRACT FOR THE SALE OF RESIDENTIAL REAL PROPERTY IN "AS IS" CONDITION. UNDER COMMON LAW, SELLERS WHO DISCLOSE MATERIAL DEFECTS MAY BE UNDER A CONTINUING OBLIGATION TO ADVISE THE PROSPECTIVE BUYERS ABOUT THE CONDITION OF THE RESIDENTIAL REAL PROPERTY EVEN AFTER THE REPORT IS DELIVERED TO THE PROSPECTIVE BUYER. COMPLETION OF THIS REPORT BY THE SELLER CREATES LEGAL OBLIGATIONS ON THE SELLER; THEREFORE SELLER MAY WISH TO CONSULT AN ATTORNEY PRIOR TO COMPLETION OF THIS REPORT.

Property Address: **7   Colony Ct.**

City, State & Zip Code: **Galena** **IL** **61036**

Seller's Name: **Ralph W. Helm, Jr** **Vera R. Helm**

This Report is a disclosure of certain conditions of the residential real property listed above in compliance with the Residential Real Property Disclosure Act. This information is provided as of **November 21st**, 20 **17**, and does not reflect any changes made or occurring after that date or information that becomes known to the seller after that date. The disclosures herein shall not be deemed warranties of any kind by the seller or any person representing any party in this transaction.

In this form, "am aware" means to have actual notice or actual knowledge without any specific investigation or inquiry. In this form, a "material defect" means a condition that would have a substantial adverse effect on the value of the residential real property or that would significantly impair the health or safety of future occupants of the residential real property unless the seller reasonably believes that the condition has been corrected.

The seller discloses the following information with the knowledge that even though the statements herein are not deemed to be warranties, prospective buyers may choose to rely on this information in deciding whether or not and on what terms to purchase the residential real property.

The seller represents that to the best of his or her actual knowledge, the following statements have been accurately noted as "yes" (correct), "no" (incorrect), or "not applicable" to the property being sold. If the seller indicates that the response to any statement, except number 1, is yes or not applicable, the seller shall provide an explanation, in the additional information area of this form.

*(margin, left side, handwritten): ← Please complete*

| | YES | NO | N/A | |
|---|---|---|---|---|
| 1. | X | | | Seller has occupied the property within the last 12 months. (No explanation is needed.) |
| 2. | | X | | I am aware of flooding or recurring leakage problems in the crawl space or basement. |
| 3. | | X | | I am aware that the property is located in a flood plain or that I currently have flood hazard insurance on the property. |
| 4. | | X | | I am aware of material defects in the basement or foundation (including cracks and bulges). |
| 5. | | X | | I am aware of leaks or material defects in the roof, ceilings, or chimney. |
| 6. | | X | | I am aware of material defects in the walls, windows, doors, or floors. |
| 7. | | X | | I am aware of material defects in the electrical system. |
| 8. | | X | | I am aware of material defects in the plumbing system (includes such things as water heater, sump pump, water treatment system, sprinkler system, and swimming pool). |
| 9. | | X | | I am aware of material defects in the well or well equipment. |
| 10. | | X | | I am aware of unsafe conditions in the drinking water. |
| 11. | | X | | I am aware of material defects in the heating, air conditioning, or ventilating systems. |
| 12. | | X | | I am aware of material defects in the fireplace or wood burning stove. |
| 13. | | X | | I am aware of material defects in the septic, sanitary sewer, or other disposal system. |
| 14. | | X | | I am aware of unsafe concentrations of radon on the premises. |
| 15. | | X | | I am aware of unsafe concentrations of or unsafe conditions relating to asbestos on the premises. |
| 16. | | X | | I am aware of unsafe concentrations of or unsafe conditions relating to lead paint, lead water pipes, lead plumbing pipes or lead in the soil on the premises. |
| 17. | | X | | I am aware of mine subsidence, underground pits, settlement, sliding, upheaval, or other earth stability defects on the premises. |
| 18. | | X | | I am aware of current infestations of termites or other wood boring insects. |
| 19. | X | | | I am aware of a structural defect caused by previous infestations of termites or other wood boring insects. |
| 20. | X | | | I am aware of underground fuel storage tanks on the property. |
| 21. | | X | | I am aware of boundary or lot line disputes. |
| 22. | | X | | I have received notice of violation of local, state or federal laws or regulations relating to this property, which violation has not been corrected. |
| 23. | | X | | I am aware that this property has been used for the manufacture of methamphetamine as defined in Section 10 of the Methamphetamine Control and Community Protection Act. |

Note: These disclosures are not intended to cover the common elements of a condominium, but only the actual residential real property including limited common elements allocated to the exclusive use thereof that form an integral part of the condominium unit.

Note: These disclosures are intended to reflect the current condition of the premises and do not include previous problems, if any, that the seller reasonably believes have been corrected.

FORM 108 (7/28/16) COPYRIGHT ILLINOIS REALTORS®        Page 1 of 4
This contract is for use by Realtor® Association of Northwestern Illinois. Use by any other party is illegal and voids the contract. InstanetFORMS

If any of the above are marked "not applicable" or "yes", please explain here or use additional pages, if necessary:

#20 ✓ LP TANK

Check here if additional pages used: _____

Seller certifies that seller has prepared this statement and certifies that the information provided is based on the actual notice or actual knowledge of the seller without any specific investigation or inquiry on the part of the seller. The seller hereby authorizes any person representing any principal in this transaction to provide a copy of this report, and to disclose any information in the report, to any person in connection with any actual or anticipated sale of the property.

Seller: _Ralph Helm_ Date: _11/22/17_
Ralph W. Helm, Jr.

Seller: _Vera R Helm_ Date: _11/22/17_
Vera R. Helm

THE PROSPECTIVE BUYER IS AWARE THAT THE PARTIES MAY CHOOSE TO NEGOTIATE AN AGREEMENT FOR THE SALE OF THE PROPERTY SUBJECT TO ANY OR ALL MATERIAL DEFECTS DISCLOSED IN THIS REPORT ("AS IS"). THIS DISCLOSURE IS NOT A SUBSTITUTE FOR ANY INSPECTIONS OR WARRANTIES THAT THE PROSPECTIVE BUYER OR SELLER MAY WISH TO OBTAIN OR NEGOTIATE. THE FACT THAT THE SELLER IS NOT AWARE OF A PARTICULAR CONDITION OR PROBLEM IS NO GUARANTEE THAT IT DOES NOT EXIST. THE PROSPECTIVE BUYER IS AWARE THAT HE MAY REQUEST AN INSPECTION OF THE PREMISES PERFORMED BY A QUALIFIED PROFESSIONAL.

Prospective Buyer: _____ Date: _1-10-18_ Time: _____

Prospective Buyer: _____ Date: _____ Time: _____

A COPY OF ARTICLE 2 OF THE RESIDENTIAL REAL PROPERTY DISCLOSURE ACT IS AFFIXED HERETO AND SHOULD BE REVIEWED BY PROSPECTIVE BUYER.

# RESIDENTIAL REAL PROPERTY DISCLOSURE ACT
## ARTICLE 2: DISCLOSURES
### 765 ILCS 77/5 et seq.

Section 5. Definitions: As used in this Act, unless the context otherwise requires the following terms have the meaning given in this section:

"Residential real property" means real property improved with not less than one nor more than four residential dwelling units; units in residential cooperatives; or, condominium units including the limited common elements allocated to the exclusive use thereof that form an integral part of the condominium unit. The term includes a manufactured home as defined in subdivision (53) of Section 9-102 of the Uniform Commercial Code that is real property as defined in the Conveyance and Encumbrance of Manufactured Homes as Real Property and Severance Act.

"Seller" means every person or entity who is an owner, beneficiary of a trust, contract purchaser or lessee of a ground lease, who has an interest (legal or equitable) in residential real property. However, "seller" shall not include any person who has both (i) never occupied the residential real property and (ii) never had the management responsibility for the residential real property nor delegated such responsibility for the residential real property to another person or entity.

"Prospective buyer" means any person or entity negotiating or offering to become an owner or lessee of residential real property by means of a transfer for value to which this Act applies.

Section 10. Applicability. Except as provided in Section 15, this Act applies to any transfer by sale, exchange, installment land sale-contract, assignment of beneficial interest, lease with an option to purchase, ground lease or assignment of ground lease of residential real property.

Section 15. Applicability; Exceptions. The provisions of this Act do not apply to the following:

(1) Transfers pursuant to court order, including, but not limited to, transfers ordered by a probate court in administration of an estate, transfers between spouses resulting from a judgment of dissolution of marriage or legal separation, transfers pursuant to an order of possession, transfers by a trustee in bankruptcy, transfers by eminent domain and transfers resulting from a decree for specific performance.

(2) Transfers from a mortgagor to a mortgagee by deed in lieu of foreclosure or consent judgment, transfer by judicial deed issued pursuant to a foreclosure sale to the successful bidder or the assignee of a certificate of sale, transfer by a collateral assignment of a beneficial interest of a land trust, or a transfer by a mortgagee or a successor in interest to the mortgagee's secured position or a beneficiary under a deed in trust who has acquired the real property by deed in lieu of foreclosure, consent judgment or judicial deed issued pursuant to a foreclosure sale.

(3) Transfers by a fiduciary in the course of the administration of a decedent's estate, guardianship, conservatorship, or trust.

(4) Transfers from one co-owner to one or more other co-owners.

(5) Transfers pursuant to testate or intestate succession.

(6) Transfers made to a spouse, or to a person or persons in the lineal line of consanguinity of one or more of the sellers.

(7) Transfers from an entity that has taken title to residential real property from a seller for the purpose of assisting in the relocation of the seller, so long as the entity makes available to all prospective buyers a copy of the disclosure form furnished to the entity by the seller.

(8) Transfers to or from any governmental entity.

(9) Transfers of newly constructed residential real property that has not been occupied.

Section 20. Disclosure Report; Completion; Time of Delivery. A seller of residential real property shall complete all applicable items in the disclosure document described in Section 35 of this Act. The seller shall deliver to the prospective buyer the written disclosure statement required by this Act before the signing of a written agreement by the seller and prospective buyer that would, subject to the satisfaction of any negotiated contingencies, require the prospective buyer to accept a transfer of the residential real property.

Section 25. Liability of seller.

(a) The seller is not liable for any error, inaccuracy, or omission of any information delivered pursuant to this Act if (i) the seller had no knowledge of the error, inaccuracy, or omission, (ii) the error, inaccuracy, or omission was based on a reasonable belief that a material defect or other matter not disclosed had been corrected, or (iii) the error, inaccuracy, or omission was based on information provided by a public agency or by a licensed engineer, land surveyor, structural pest control operator, or by a contractor about matters within the scope of the contractor's occupation and the seller had no knowledge of the error, inaccuracy, or omission.

(b) The seller shall disclose material defects of which the seller has actual knowledge.

(c) The seller is not obligated by this Act to make any specific investigation or inquiry in an effort to complete the disclosure statement.

Section 30. Disclosure supplement. If, prior to closing, any seller has actual knowledge of an error, inaccuracy, or omission in any prior disclosure document after delivery of that disclosure document to a prospective buyer, that seller shall supplement the prior disclosure document with a written supplemental disclosure.

Section 35. Disclosure report form. . . .[omitted]

Section 40. Material defect. If a material defect is disclosed in the Residential Real Property Disclosure Report, after acceptance by the prospective buyer of an offer or counter-offer made by a seller or after the execution of an offer made by a prospective buyer that is accepted by the seller for the conveyance of the residential real property, then the Prospective Buyer may, within three business days after receipt of that Report by the prospective buyer, terminate the contract or other agreement without any liability or recourse except for the return to prospective buyer of all earnest money deposits or down payments paid by prospective buyer in the transaction. If a material defect is disclosed in a supplement to this disclosure document, the prospective buyer shall not have a right to terminate unless the material defect results from an error, inaccuracy, or omission of which the seller had actual knowledge at the time the prior disclosure document was completed and signed by the seller. The right to terminate the contract, however, shall no longer exist after the conveyance of the residential real property. For purposes of this Act the termination shall be deemed to be made when written notice of termination is personally delivered to at least one of the sellers identified in the contract or other agreement or when deposited, certified or registered mail, with the United States Postal Service, addressed to one of the sellers at the address indicated in the contract or agreement, or, if there is not an address contained therein, then at the address indicated for the residential real property on the Report.

Section 45. Effect of Act on Other Statutes or Common Law. This Act is not intended to limit or modify any obligation to disclose created by any other statute or that may exist in common law in order to avoid fraud, misrepresentation, or deceit in the transaction.

Section 50. Disclosure Report; Method of Delivery. Delivery of the Residential Real Property Disclosure Report provided by this Act shall be by:

(1) personal or facsimile delivery to the prospective buyer;

(2) depositing the report with the United States Postal Service, postage prepaid, first class mail, addressed to the prospective buyer at the address provided by the prospective buyer or indicated on the contract or other agreement; or

(3) depositing the report with an alternative delivery service such as Federal Express, UPS, or Airborne, delivery charges prepaid, addressed to the prospective buyer at the address provided by the prospective buyer or indicated on the contract or other agreement.

For purposes of this Act, delivery to one prospective buyer is deemed delivery to all prospective buyers. Delivery to an authorized individual acting on behalf of a prospective buyer constitutes delivery to all prospective buyers. Delivery of the Report is effective upon receipt by the prospective buyer. Receipt may be acknowledged on the Report, in an agreement for the conveyance of the residential real property, or shown in any other verifiable manner.

Section 55. Violations and damages. If the seller fails or refuses to provide the disclosure document prior to the conveyance of the residential real property, the buyer shall have the right to terminate the contract. A person who knowingly violates or fails to perform any duty prescribed by any provision of this Act or who discloses any information on the Residential Real Property Disclosure Report that he knows to be false shall be liable in the amount of actual damages and court costs, and the court may award reasonable attorney fees incurred by the prevailing party.

Section 60. Limitation of Action. No action for violation of this Act may be commenced later than one year from the earlier of the date of possession, date of occupancy or date of recording of an instrument of conveyance of the residential real property.

Section 65. Disclosure Report Form; Contents; Copy of Act. A copy of this Act, excluding Section 35, must be printed on or as a part of the Residential Real Property Disclosure Report form.

Date provided to Buyer: 01/20/18

Seller: _Ralph W. Helm_ _Vera R. Helm_
Ralph W. Helm, Jr & Vera R. Helm



## ILLINOIS REALTORS®
## DISCLOSURE OF INFORMATION ON RADON HAZARDS
### (For Residential Real Property Sales or Purchases)



**Radon Warning Statement**

*Every buyer of any interest in residential real property is notified that the property may present exposure to dangerous levels of indoor radon gas that may place the occupants at risk of developing radon-induced lung cancer. Radon, a Class-A human carcinogen, is the leading cause of lung cancer in non-smokers and the second leading cause overall. The seller of any interest in residential real property is required to provide the buyer with any information on radon test results of the dwelling showing elevated levels of radon in the seller's possession.*

*The Illinois Emergency Management Agency (IEMA) strongly recommends ALL homebuyers have an indoor radon test performed prior to purchase, or taking occupancy, and mitigated if elevated levels are found. Elevated radon concentrations can easily be reduced by a qualified, licensed radon mitigator.*

**Seller's Disclosure (Initial each of the following which applies)**

_____ (a)   Elevated radon concentrations (above EPA or IEMA recommended Radon Action Level) are known to be present within the dwelling. (Explain).

_____ (b)   Seller has provided the purchaser with the most current records and reports pertaining to elevated radon concentrations within the dwelling.

_____ (c)   Seller either has no knowledge of elevated radon concentrations in the dwelling or prior elevated radon concentrations have been mitigated or remediated.

*RH* (d)   Seller has no records or reports pertaining to elevated radon concentrations within the dwelling.

**Purchaser's Acknowledgment (Initial each of the following which applies)**

_____ (e)   Purchaser has received copies of all information listed above.

_____ (f)   Purchaser has received the IEMA approved Radon Disclosure Pamphlet.

**Agent's Acknowledgement (Initial IF APPLICABLE)**

*GTC* (g)   Agent has informed the seller of the seller's obligations under Illinois law.

**Certification of Accuracy**

The following parties have reviewed the information above and each party certifies, to the best of his or her knowledge, that the information he or she has provided is true and accurate.

| | | |
|---|---|---|
| Seller _Ralph W. Helm_  Ralph W. Helm, Jr | Date | 11/22/17 |
| Seller _Vera R. Helm_  Vera R. Helm | Date | 11/22/17 |
| Purchaser _____ | Date | _____ |
| Purchaser _____ | Date | _____ |
| Agent _Gary T. Conlon_  GARY T CONLON | Date | 11-20-17 |
| Agent _____ | Date | _____ |

Property Address: _____7_____ Colony Ct. _____

City, State, Zip Code: _____ Galena ___ IL ___ 61036

FORM 422 (7/28/16) COPYRIGHT ILLINOIS REALTORS®                    1/1

**This contract is for use by Realtor® Association of Northwestern Illinois. Use by any other party is illegal and voids the contract.**          InstanetFORMS

Case 18-01093 Doc 9 Filed 08/13/18 Entered 08/13/18 09:37:22 Desc Main Document Page 1 of 1

## The UPS Store #5246

| | |
|---|---|
| **From:** | robert sam <harpees5@yahoo.com> |
| **Sent:** | Monday, August 13, 2018 8:55 AM |
| **To:** | The UPS Store #5246 |
| **Subject:** | Robert sam |

RECEIVED

AUG 13 2018

U.S. Bankruptcy Court

To your honor,

My name is Robert Sam and I filed a chapter
13 Friday with my lawyer Mr. Brian Peters.
We filled out the 101A form to stay the
eviction and cure the back rent.
We were told that it was ok to have the lawyer mail in the check for the landlords from the client trust account. Mr. Peters and myself re read the form and it says it needs to be deposited with the clerk at the time of filing. So I told Mr. Peters that we need to do that as I signed that is what I agreed to. He thought then he should dismiss my case and re file. But I wanted to ask you if I could keep my current case as I drove down today with the certified check to deposit with your clerks?
This was a minor mistake and no fault of Mr. Peters as we were told one thing but it reads something else. I am very sorry for any inconvenience this caused on you your honor, we are just trying so hard to get this filed so we don't get evicted as my wife and daughter are disabled and I have to fight hard for them.

1

Sincerely,
Robert sam

Sincerely, Robert Sam

2