UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ROBERT SAM, | ) | CASE NO. 18-81910 |
| | ) | |
| Debtor(s) | ) | JUDGE: THOMAS M. LYNCH |

## AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COME RALPH HELM and VERA HELM ("Helms") by and through their attorneys, WILLIAMSMCCARTHYLLP and THOMAS P. SANDQUIST, and for their Amended Motion for Relief from Automatic Stay state as follows:

1.    This Court has jurisdiction over the matters and the parties pursuant to 28 U.S.C. §157(b) and 28 U.S.C. §1334.  Venue is proper under 28 U.S.C. §1408.  This is a core proceeding as defined under 28 U.S.C. §157(b)(2)(6).

2.    As set forth in more detail below, Helms filed a Motion for Relief from Automatic Stay while this case was pending in the Bankruptcy Court for the Northern District of Iowa as Case No. 18-01093 and Helms incorporate any and all allegations set forth in the prior Motion for Relief from Automatic Stay into this Amended Motion for Relief from Automatic Stay.

### BACKGROUND FACTS

3.    On or about January 19, 2018, Debtor and Helms executed a lease ("Lease") under which Debtor leased certain property commonly known as 7 Colony Court, Galena, Illinois, Jo Daviess County, Illinois ("Premises") from Helms.  The Lease is attached hereto as **Exhibit A**.  Debtor has occupied and, on information and belief, continues to occupy the Premises as his residence.

1

4.      Debtor began occupying the Premises on February 1, 2018. Pursuant to the terms of the Lease, Debtor was obligated to pay Helms $5,000.00 per month in arrears beginning on March 1, 2018 and continuing through March 31, 2019.

5.      Debtor failed to pay Helms any amounts under the Lease prompting Helms to initiate a forcible entry and detainer action on July 2, 2018 in Jo Daviess County, Illinois.

6.      On July 2, 2018, Helms obtained a judgment for eviction ("Eviction Order") ordering Debtor to move out of the Premises by August 11, 2018. The Eviction Order is attached hereto as **Exhibit B**.

7.      Subsequent to the entry of the Eviction Order, Debtor filed an Emergency Motion with the Second District Appellate Court seeking relief from the Eviction Order. That Emergency Motion was denied by the Appellate Court on August 13, 2018. A copy of the Order denying the Emergency Motion is attached hereto as **Exhibit C**.

8.      On August 10, 2018, Debtor initiated a Chapter 13 proceeding with the Bankruptcy Court for the Northern District of Iowa as Case No. 18-01093.

9.      On August 11, 2018, Debtor's counsel filed a Motion to Dismiss the Bankruptcy case while it was still pending in Iowa.

10.      On August 13, 2018, Debtor's counsel filed a Motion to Withdraw as Debtor's attorney.

11.      On August 14, 2018, Helms Iowa counsel filed the Motion for Relief from Automatic Stay referred to in paragraph 2 above.

12.      On August 20, 2018, Debtor's counsel's Motion to Withdraw was granted by the Iowa Bankruptcy Court, and on information and belief no new counsel has appeared for Debtor. From the Court docket, Debtor appears to be proceeding pro se.

13.     On September 4, 2018, several matters were to be taken up by the Iowa Bankruptcy Court via a telephonic hearing.

14.     On September 4, 2018, Debtor filed a Motion for Change of Venue of this case to the Bankruptcy Court for the Northern District of Illinois Western Division.

15.     On September 4, 2018, the Court in Iowa granted the Motion for Change of Venue and transferred the case to this Court.

16.     Helms' original Motion for Relief from Automatic Stay does not appear to have been ruled upon by the Court in Iowa.

17.     As part of the Petition filed by Debtor on August 10, 2018, Debtor filed Official Form 101A, an Initial Statement About An Eviction Judgment Against You ("Form 101A"). A copy of said Form is attached hereto as **Exhibit D.**

18.     In Form 101A, Debtor incorrectly certified that under Illinois Law he had the right to stay in his residence by paying Helms the entire delinquent amount and also incorrectly certified that he had given the Bankruptcy Court Clerk ("Clerk") the amount of rent that would be due during the first thirty (30) days after the filing.

19.     Debtor has failed to deposit with the Clerk the monthly rent of $5,000.00 as required under the Bankruptcy Code.  Debtor did subsequently deposit $3,000.00 with the Clerk. The Clerk has forwarded at $3,000.00 check to Helms and Helms has retained, but not cashed, the check.

20.     On September 10, 2018, Debtor filed Official Form 101B Statement About Payment of an Eviction Judgment Against You ("Form 101B"), a copy of which is attached hereto as **Exhibit E.**

3

21. Debtor has also tendered a check for $17,000.00 to Helms, which check is in Helms' possession and remains uncashed. Debtor has previously provided Helms with checks which have been returned due to insufficient funds.

## APPLICABLE LAW AND ARGUMENT

22. Pursuant to 11 U.S.C. §362(a)(3) "Except as provided in subsection (b) of this section, a petition filed under §301... of this title... operates as a stay, applicable to all entities, of any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

23. 11 U.S.C. §362(b)(22) provides "The filing of a petition under §301... of this title... does not operate as a stay, subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor."

24. 11 U.S.C. §362(l) does provide that a debtor may be granted a stay from a pre-petition eviction order if the debtor follows the procedures set forth in 11 U.S.C. §362(l). Debtor has failed to meet his obligations with respect to 11 U.S.C. §362(l).

25. Debtor did file Official Form 101A but incorrectly certified therein that under non-bankruptcy law Debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered. Debtor also incorrectly certified that he had deposited with the Clerk any rent which would become due during the thirty (30) day period after the filing of the Bankruptcy Petition. See 11 U.S.C. §362(l)(1).

26.     Helms takes issue with both of Debtor's certifications in Form 101A.  First, Helms is not aware of any non-bankruptcy law, and Debtor has cited none, under which Debtor would have the right to cure the default under the Lease after the entry of the Eviction Order. Also, Debtor's deposit of $3,000.00 with the Clerk falls short of the $5,000.00 in monthly rent required under the terms of the Lease.

27.     11 U.S.C. §362(l)(2) further provides that the stay may be extended beyond the initial thirty (30) day period if:

a)     The Debtor fully complied with the filing of the certifications and the payment of the rent called for in 11 U.S.C. §362(l)(1);

b)     The Debtor, within that initial thirty (30) day period, files with the Court and serves upon the lessor a further certification under penalty of perjuries that the Debtor has cured, under non-bankruptcy law applicable in the jurisdiction, the entire monetary default that gave rise to the judgment for possession.

28.     Debtor failed to comply with 11 U.S.C. §362(l)(1) or §362(l)(2).  Further, Debtor has failed to cure the monetary default that gave rise to the judgment for possession.

29.     As of the date of the Eviction Order, Debtor was in arrears in base rent in the amount of $25,000.00.  Currently, through September 1, 2018 and exclusive of any penalties or other charges to which Helms may be entitled, Debtor is in default to Helms in the amount of $35,000.00 in base rent.  To date, Debtor has tendered $20,000.00 (assuming the $17,000.00 check tendered by Debtor is good).

30.     Debtor's failure to comply with the requirements of 11 U.S.C. §362(l)(1) or (2) mean that the stay has been lifted pursuant to the terms of 11 U.S.C. §362(b)(22).

5

WHEREFORE, Helms prays this Court enter an order lifting the stay allowing Helms to enforce the Eviction Order and regain possession of the Premises located at 7 Colony Court, Galena, IL, and for such other and further relief as this Court deems just.

RALPH HELM & VERA HELM

By: WILLIAMSMcCARTHYLLP

By: _____
THOMAS P. SANDQUIST

Prepared by:
Thomas P. Sandquist
ARDC #06198232
WILLIAMSMcCARTHYLLP
120 West State Street, P.O. Box 219
Rockford, IL 61105
(815) 987 8900
tsandquist@wilmac.com

Authentisign ID: 823E74BD-7FA1-4G3B-VE53-75JBSCB429CC

LEASE AGREEMENT

Preamble

This lease agreement is made and entered into this _19___day of ___Jan_____ 2018, at Huntley, Illinois, by and between Ralph Helm and Vera Helm, hereinafter called "Lessor", and ___KKS Trust by Robert Sam_____, hereinafter called "Lessee."

ARTICLE 1.  DEMISE, DESCRIPTION, USE, TERM, AND RENT

Section 1.01.  Lessor hereby leases to Lessee, and Lessee hereby leases from Lessor, that certain property, hereinafter called the "leased premises," known as 7 Colony Ct., Galena, situated in Jo Davies County, Illinois, which shall include all existing improvements to said premises to be used as a single family residence, for the term commencing, and terminating on April 1, 2019, for the initial monthly rental of $5,000.00 payable as specified in Article 2 hereof. In addition, Lessee agrees to abide by all rules and regulations of the Homeowners Association to which the premises, and all occupants, are subject.

Delivery of Possession

Section 1.02.  The premises shall be delivered to Lessee on the date of the execution hereof in its existing condition.

ARTICLE 2.  RENT

Monthly Rent

Section 2.01.  Lessee shall pay Lessor at such place as the Lessor shall designate from time to time in writing, the monthly sum of $5,000.00, payable without prior demand and without any setoff or deduction whatsoever, except as expressly provided herein. Rent payments shall be made in arrears on the 1st day of each calendar month commencing March 1, 2018 (for the rent due for February 2018) and shall continue thereafter through March 31, 2019. Lessor will credit the sum of $2,000.00 per month, commencing with the rent payment made March 1, 2018, shall be credited from the rentals paid during the term of the lease against the purchase price as set forth in the option contract made a part hereof as Exhibit 1 if the sale of the property is completed as described in the option contract. Occupancy of the premises shall be granted on February 1, 2018.

Effect of Default in Rent and Other Payments

Section 2.02.  If Lessee defaults in the payment of any installment of rent hereunder, such installment shall bear interest at the rate of eight percent (8%) per annum from the 5th day after it is due until actually paid, except real estate taxes which shall bear the interest rate charged for late payment.  In like manner, all other obligations, benefits, and moneys which may become due to Lessor from Lessee under the terms hereof, or which are paid by Lessor because of Lessee's default hereunder, shall bear interest at the rate of eight percent (8%) per annum from the 5th day after due date until paid, or, in the case of sums paid by Lessor because of Lessee's default hereunder, from the date such payments are made by Lessor until the date Lessor is reimbursed by Lessee therefore.

EXHIBIT

tabbies

A

Authentisign ID: 823E740D-7FA1-45J8-9E5J-753B5CB429CC

Intention of the Parties

Section 2.03.  It is the purpose and intent of the parties hereto that this lease shall yield to Lessor the gross amount of the rental specified above.

ARTICLE 3.   TAXES AND ASSESSMENTS

Payment by Lessor

Section 3.01.  Lessor shall pay the general real estate tax bill and the Property Owners' Association fees levied on or assessed against the leased premises.

Hold Harmless Clause

Section 3.02.  Except for Lessor's negligent acts, Lessee agrees to and shall protect and hold harmless Lessor and the leased premises from liability for any and all utility bills incurred during Lessee's occupancy, together with any interest, penalties, or other sums thereby imposed, and from any sale or other proceeding to enforce payment thereof.

ARTICLE 4.  INSURANCE

Lessee's Obligation

Section 4.01.  Lessee agrees to and shall, prior to possession, secure from a good and responsible company or companies doing insurance business in the State of Illinois, and maintain during the entire term of this lease, the following coverage:

(a) Public liability insurance in the minimum amount of $1,000,000.00 per occurrence for loss from an accident resulting in bodily injury to or death of persons, and $500,000.00 for loss from an accident resulting in damage to or destruction of property.  Such amounts shall be reviewed by the parties annually to determine their continuing reasonableness.

(b) Fire and extended coverage insurance on the personal property of Lessee in the premises.

Proceeds

Section 4.02.  Proceeds from any fire or casualty policy or policies in the name of Lessors, insuring the underlying premises, shall be payable to Lessor, who shall, use such proceeds to make repairs as provided below.

Fire and Casualty Damage

Section 4.03.  If the building or other improvements on the leased premises should be damaged or destroyed by fire, flood, or other casualty, Lessee shall give immediate written notice thereof to Lessor.

Authentisign ID 823E74B0-7FA1-4534-9E53-76303CB429CC

## Total Destruction

(a) If the building on the leased premises should be totally destroyed by fire, flood, or other casualty, or if it should be so damaged that rebuilding or repairs cannot reasonably be completed within 15 working days from the date of written notification by Lessee to Lessor of the occurrence of the damage, this lease shall terminate and rent shall be abated for the unexpired portion of this lease, effective as of the date of said written notification. Total destruction shall be determined by the Jo Davies County building department and the insurance carrier insuring the leased premises. Lessee shall be entitled to refund of $2,000.00 per month from rent paid prior to destruction set forth above.

## Partial Damage

(b) If the building or other improvements on the leased premises should be damaged by fire, flood, or other casualty, but not to such an extent that rebuilding or repairs cannot reasonably be completed within 15 working days from the date of written notification by Lessee to Lessor of the occurrence of the damage, this lease shall terminate. If the building and other improvements are to be rebuilt or repaired and are untenantable in whole or in part following such damage, the rent payable hereunder during the period in which they are untenantable shall be adjusted equitably or in the event that Lessee cannot occupy the premises, rent shall be abated. Lessee may at its option terminate this lease by written notification at such time to Lessor, whereupon all rights and obligations hereunder shall cease. Lessor agrees to consult with Lessee as to proposed contractors to be used for repair but final decision shall be Lessor's.

(c) See also Lessee's option to Purchase set out in paragraph 17 hereof.

## Subrogation

4.04 The parties hereby waive each from the other any and all right of recovery for any loss to the premises or contents thereof that is within the scope of any fire and extended coverage policy carried by each party. The parties shall look solely to their respective insurance carrier for reimbursement of covered losses.

ARTICLE 5.  UTILITIES

## Lessee's Obligation

Section 5.01. Lessee shall from and after taking possession of the premises and during the full term hereof pay all charges for telephone, internet, gas, electricity, sewage, and water used in or on the leased premises and for the removal of rubbish there from immediately on becoming due and shall hold Lessor harmless from any liability therefore. Lessee further agrees to pay all charges for repairs to water meters on the leased premises whether necessitated by ordinary wear and tear, temperature extremes, accident, or any other causes. Such payments shall be made immediately on becoming due.

Authentisign ID: 823E748D-7FA1-4638-9E53-753B9CB429CC

ARTICLE 6.   WASTE AND NUISANCE

Section 6.01.   Lessee shall not commit, or suffer to be committed, any waste on the leased premises, nor shall she maintain, commit, or permit the maintenance or commission of any nuisance on the leased premises or use the leased premises for any unlawful purpose.

ARTICLE 7.   REPAIRS

Lessee's Duty to Repair and Maintain

Section 7.01.   Lessee agrees to keep the leased premises in good order and repair and make any improvements to conform the building itself to appropriate regulation as regards Lessee's use as defined in the purpose clause hereof consistent with the building code requirements of the Jo Davies County and the Galena Territories and requirements of any other governmental body having jurisdiction over the premises. Lessee further agrees to keep the leased premises clean, and to repair or replace all broken or damaged doors, windows, plumbing fixtures and pipes, floors, stairways, railings, or other portions of the leased premises, including damage caused by moisture from broken windows and plumbing fixtures which Lessee is required to repair.  Lessee shall keep the paved portion of the premises and appurtenances free of ice and snow and trash. Lessee shall permit Lessor to inspect the premises at anytime upon not less than eight hours prior notice.

ARTICLE 8.   ALTERATIONS, IMPROVEMENTS, AND FIXTURES

Section 8.01.   Except as otherwise provided above, Lessee shall not alter or improve the leased premises without the prior written consent of Lessor to do so. Lessee shall submit all plans and designs for remodeling to Lessor for its approval, and in the event that the plans and designs are disapproved by Lessor, such changes shall not be made until reasonable changes to the plans required by Lessor are made.

ARTICLE 9.   QUIET POSSESSION

Covenant of Quiet Possession

Section 9.01.   Lessor shall, on the commencement date of the term of this lease as hereinabove set forth, place Lessee in quiet possession of the leased premises and shall secure him in the quiet possession thereof against all persons claiming the same during the entire lease term and each extension thereof.

Covenant Regarding Encumbrances

Section 9.02.   (a) Lessor covenants that the leased premises are not subject to any lien, claim, or encumbrance, except as hereinafter set forth, and that it is not in default or arrears in the making of any payment or the performance of any obligation relating to the leased premises.

(b) The leased premises are subject to the following:
(1) Unpaid taxes for the calendar year 2017.
(2) All conditions of record as reflected in attached Chicago Title Insurance Policy and as such policy will be updated to date of closing.

AuthenDsign ID: 82JE74B0-7FA1-4510-9E53-75305CB429CC

## Subordination

Section 9.03.   This lease and any extensions of the term hereof shall be subordinate, at the option of Lessor, to any and all mortgages or assignments given by Lessor on the leased premises and to all refinancing liens upon the property.

ARTICLE 10.   SECURITY DEPOSIT

### Receipt of Deposit

Section 10.01.   Lessor shall not require a security deposit from Lessee.

ARTICLE 11.   TERMINATION OR EXTENSION

### Effect of Holding Over

Section 11.01.   In the event Lessee unlawfully holds over beyond the expiration of the term hereof, such holding over shall be deemed a month-to-month tenancy only, at the rental of 1.5 times the most recent monthly rent, payable on the 1st day of each month thereafter until the tenancy is terminated in a manner provided by law.

ARTICLE 12.   SURRENDER OF PREMISES

### Removal of Property

Section 12.01.   Lessee shall, without demand therefore and at his own cost and expense upon the expiration or earlier termination of the term hereof or of any extended term hereof remove all property belonging to him and all alterations, additions, or improvements, and fixtures which by the terms hereof she is permitted to remove; repair all damage to the leased premises caused by such removal; and restore the leased premises to the condition they were in prior to the installation of the property so removed.   Any property not so removed shall be deemed to have been abandoned by Lessee and may be retained or disposed of by Lessor.

### Surrender

Section 12.02.   Lessee agrees to and shall, on expiration or earlier termination of the term hereof, promptly surrender and deliver the leased premises to Lessor without demand therefore in good condition.

ARTICLE 13.   CONDEMNATION

### All of Premises

Section 13.01.   If during the term of this lease or any extension or renewal thereof, all of the leased premises should to taken for any public or quasi-public use under any law, ordinance, or regulation or by right of eminent domain, or should be sold to the condemning authority under threat of condemnation, this lease shall terminate and the rent shall be abated during the unexpired portion of this lease, effective as of the date of the taking of said premises by the condemning authority. In addition Lessee shall be entitled

AuthentiSign ID: 823E74BD-7FA1-4538-9E53-753B5C8-129CC

to a refund from Lessor of $2,000.00 per month for rental payments made prior to termination of lease, except the credit for February 2018 shall be as set forth above.


## Partial Condemnation

Section 13.02.  If less than all of the leased premises shall be taken for any public or quasi-public use under any law, ordinance, or regulation, or by right of eminent domain, or should be sold to the condemning authority under threat of condemnation, this lease shall terminate.

## Allocation of Awards

Section 13.03.  Lessor and Lessee shall each be entitled to receive and retain such separate awards and portions of lump-sum awards as may be allocated to their respective interest in any condemnation proceedings.  The termination of this lease shall not affect the rights of the respective parties to such awards.  If Lessee exercises its option to purchase hereunder, Lessee shall be entitled to any award otherwise allocated to Lessor.

ARTICLE 14.  DEFAULTS AND REMEDIES

## Default by Lessee

Section 14.01.  If Lessee shall allow the rent to be in arrears more than 5 days or shall remain in default under any other condition of this lease for a period of 5 days after written notice from Lessor, or should any person other than Lessee secure possession of the premises, or any part thereof, by reason of any receivership, bankruptcy proceedings, or other operation of law in any manner whatsoever, Lessor may at its option, without notice to Lessee, terminate this lease (or, in the alternative, Lessor may reenter and take possession of said premises and remove all persons and property there from, without being deemed guilty of any manner of  trespass, and relet the premises or any part thereof, for all or any  part of the remainder of said term, to a party satisfactory to Lessor,  and at such monthly rental as Lessor may with reasonable diligence be  able to secure).  Should Lessor be unable to relet after reasonable efforts to do so, or should such monthly rental be less than the rental Lessee was obligated to pay under this lease, or any renewal thereof, plus the expense of reletting, then Lessee shall pay the amount of such deficiency to Lessor.

## Cumulative Rights and Remedies

Section 14.02.  All rights and remedies of Lessor under this lease shall be cumulative, and none shall exclude any other right or remedy at law.  Such rights and remedies may be exercised and enforced concurrently and whenever and as often as occasion therefore arises.

## Default by Lessor

Section 14.03.  If Lessor defaults in the performance of any term, covenant, or condition required to be performed by it under this agreement, Lessee may elect either one of the following:

Page 6 of 10

Authentisign ID: 823E24BD-7FA1-4538-9E53-713B5CB429CC

(a) After not less than 5 days' notice to Lessor, Lessee may remedy such default by any necessary action, and in connection with such remedy may pay expenses and employ counsel; all (reasonable) sums expended or obligations incurred by Lessee in connection therewith shall be paid by Lessor to Lessee on demand, and on failure of such reimbursement, Lessee may, in addition to any other right or remedy that Lessee may have, deduct the costs and expenses thereof from rent subsequently becoming due hereunder; or

(b) Elect to terminate this agreement on giving at least 30 days' notice to Lessor of such intention, thereby terminating this agreement on the date designated in such notice, unless Lessor shall have cured such default prior to expiration of the 30-day period, and

## ARTICLE 15. INSPECTION BY LESSOR

Section 15.01. Lessee shall permit Lessor and its agents to enter into and upon the leased premises at all reasonable times upon at least 8 hours prior notice for the purpose of inspecting the same or for the purpose of maintaining or making repairs or alterations to the building.

## ARTICLE 16. ASSIGNMENT AND SUBLEASE

Assignment and Subletting by Lessee

Section 16.01. Lessee shall not assign or sublet all or any portion of the leased premises without the prior written consent of Lessor. No consent to assign shall contain a release of Lessee from the obligations incurred in this lease.

Assignment by Lessor

Section 16.02. Lessor is expressly given the right to assign any or all of its interest under the terms of this lease.

## ARTICLE 17. OPTION TO RENEW AND OPTION TO PURCHASE

Section 17.01. Option to Renew. NOT APPLICABLE.

Section 17.02. Option to Purchase. Lessee shall have the option to purchase the leased premises for a price of $444,000.00. Said option shall be exercised, at anytime hereafter, by advising Lessor in writing of its intent to exercise said option not later than 5:00 pm on January 31, 2019. Said notice shall be delivered to Lessor at the same address as is then presently receiving Rent payments. Notice shall be in the form of the delivery of an executed copy of the real estate contract attached hereto as Exhibit A. Said option may only be exercised if Lessee is not in default of the terms of this lease at both the time of exercise of the option and at the closing of the purchase.

## ARTICLE 18. MISCELLANEOUS

### Notices and Addresses

Section 18.01. All notices provided to be given under this agreement shall be given by certified mail, addressed to the proper party, at the following addresses:

Authentisign ID: 82JE748D-7FA1-4538-9E53-753B5C8429CC

Lessor:   12504 Golf View Drive,
          Huntley, IL 60142

Lessee:   7 Colony Ct. Galena, IL 61036

or at such other place as the parties shall designate from time to time in writing by notice consistent with the terms hereof.

## Parties Bound

Section 18.02.  This agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors, and assigns when permitted by this agreement.

## Applicable Law

Section 18.03.  This agreement shall be construed under and in accordance with the laws of the State of Illinois.

## Legal Construction

Section 18.04.  In case any one or more of the provisions contained in this lease shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision thereof and this lease shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

## Sole Agreement of the Parties

Section 18.05.  This lease constitutes the sole agreement of the parties hereto and supersedes any prior understandings or written or oral agreements between the parties respecting the subject matter within it.

## Amendment

Section 18.06.  No amendment, modification, or alteration of the terms hereof shall be binding unless the same shall be in writing, dated subsequent to the date hereof, and duly executed by the parties hereto.

## Rights and Remedies Cumulative

Section 18.07.  The rights and remedies provided by this lease are cumulative, and the use of any one right or remedy by either party shall not preclude or waive its right to use any or all other remedies.  Said rights and remedies are given in addition to any other rights the parties may have by law, statute, ordinance, or otherwise.

## Waiver of Default

Section 18.08.  No waiver by the parties hereto of any default or breach of any term, condition, or covenant of this lease shall be deemed to be a waiver of any other breach of the same or any other term, condition, or covenant contained herein.

Authentisign ID: 823E7400-1FA1-493A-9E53-753B5C8429CC

### Attorney's Fees

Section 18.09.   In the event Lessor or Lessee breaches any of the terms of this agreement and the party not in default employs attorneys to protect or enforce its rights hereunder and a court order is entered finding such default, then the defaulting party agrees to pay the other party reasonable attorney's fees so incurred by such other party.

### Time of Essence

Section 18.10.   Time is of the essence of this agreement.

### Exculpation of Lessor

Section 18.11.   If Lessor shall convey title to the demised premises pursuant to a sale or exchange of property, the Lessor shall not be liable to Lessee or any immediate or remote assignee or successor of Lessee as to any act or omission from and after such conveyance.

### Recordation of Memo of Lease

Section 18.12.  Lessor agrees to execute upon Lessee's request, a memorandum of this lease for the purpose of recordation with the Jo Davies County Recorder. The cost of recording shall be borne by Lessee.


IN WITNESS WHEREOF, the undersigned Lessor and Lessee hereto execute this agreement as of the day and year first above written.

LESSEE
*Robert Sam*
1/18/2018 12:56:51 PM CST

LESSORS
Ralph Helm

Vera Helm

AuthentiSign ID: 823E74BD-7FA1-4538-9E53-15JB5C0429CC

## Guarantee

FOR VALUE RECEIVED, the undersigned, hereby guarantees absolutely and unconditionally prompt payment when due, whether at maturity, by acceleration or otherwise, of the within Lease; and agrees to pay all costs and expenses, including attorney's fees, incurred by virtue of said lease terms and in the enforcement of this Guarantee. No renewal or extension of said lease, no release of any person, primarily or secondarily liable thereon, no delay in the enforcement of any obligation of the lease and no delay or omission in exercising any right or power under said Lease shall affect the liability of the undersigned hereunder. The undersigned expressly waives presentment, protest, demand, notice of dishonor or default, notice or acceptance of this Guarantee and notice of any kind with respect to said Lease or the performance of the obligations under said Lease. The undersigned consents and agrees to be bound by all of the terms and provisions of said Lease.

Address:                                          Signature:

7 Colony Ct                         *Robert Sam*
Galena Illinois 61036
                                    1/10/2018 12:58:53 PM CST

This form is approved by the Illinois Supreme Court and is required to be used in all Illinois Circu

**EXHIBIT**

**B**

| STATE OF ILLINOIS, CIRCUIT COURT | | |
|---|---|---|
| Jo Daviess COUNTY | EVICTION ORDER | For Court Use |

FILED

JUL 02 2018

Shana Ward
CLERK OF THE CIRCUIT COURT OF
THE FIFTEENTH JUDICIAL CIRCUIT
JO DAVIESS COUNTY ILLINOIS

**Instructions ▾**

Directly above, enter the name of the county where the case was filed.

Enter the full names of Plaintiff, Defendants, and the case number as listed on the *Eviction Complaint*.

Check the box for Unknown Occupants if it was checked on *Eviction Complaint*.

Plaintiff *(For example, the landlord or owner)*:

Ralph +Vena Helm

v.

Defendants *(For example, the tenants or occupants)*:

Robert Sam

☐ Unknown Occupants

18L15

Case Number

**Notice to Defendants:**

This *Order* is a judgment against you. It may appear on a background or credit check and affect your ability to rent housing. Do not agree to or sign off on this *Order* if:
• You have an agreement with Plaintiff that lets you stay in the property; or
• Plaintiff has agreed to dismiss this case if you move out by a certain date.

Check this box if the judge dismissed any Defendants from the case. Enter the names of those Defendants.

☐ The following individuals are dismissed as Defendants, and this *Order* does not apply to them:

In 1, enter the complete address, including the street direction (N., E., etc.) and unit # or floor.

1. Plaintiff is given possession of the property located at:

7 Colony Court
Street address    Unit

Galena    IL    61036
City    State    ZIP

In 2, enter the date and time by which Defendants must move out.

2. Defendants must move out of the property on or before 8/11/18 by ☒ 11:59 p.m.
Date

or by ☐ _____
Time

In 3, enter the names of Defendants to be evicted and check the box for Unknown Occupants if it was checked on the *Eviction Complaint*.

3. Plaintiff may give the sheriff a copy of this *Eviction Order*. If Defendants do not move by the date and time listed above, the Sheriff is ordered to evict the following Defendants: Ralph
Sam and any other family residing there ☐ Unknown Occupants

In 4, check the boxes that apply. If Plaintiff is awarded money, enter the names of Defendants who have been ordered to pay the money.

4. Plaintiff is owed *(check all that apply)*: ☐ No money claimed in *Eviction Complaint*
☐ Money claim dismissed and Plaintiff may seek this money in the future
☒ Money claim dismissed and Plaintiff may not seek this money in the future
☐ $_____ in rent or assessments
☐ $_____ in court costs
☐ $_____ in attorneys' fees *(if allowed)*
☐ The total judgment amount of $_____ is entered against the following Defendants:
_____

Sections 1–4 must be completed.

☐ The Court is not yet ruling on the money claim. Case continued to _____
for ☐ status ☐ hearing in courtroom _____    Date    Time
and the Court finds there is no just reason to delay enforcement or appeal of this *Eviction Order*.

Enter the name and contact information of the person completing this *Order*.

Name: Thomas J. Nack
Address: 106 N. Main
Telephone #: 815-777-1218
Attorney # *(if any)*:

ENTERED: 7-2-18
Date

Judge

E-O 3500.2

Page 1 of 1

(12/17)





STATE OF ILLINOIS

# APPELLATE COURT

SECOND DISTRICT

CLERK OF THE COURT        55 SYMPHONY WAY        TDD
(847) 695-3750            ELGIN, IL 60120         (847) 695-0092

August 13, 2018

Robert Sam
7 Colony Court
Galena, IL 61036

RE:   Helm, Ralph, et al. v. Sam, Robert
      General No.: 2-18-0627
      County: JoDaviess County
      Trial Court No: 18L15

The court has this day, August 13, 2018, entered the following order in the above entitled case:

This matter coming before the court on the emergency motion by pro se appellant, Robert Sam, to stay the July 2, 2018, Order of Eviction. Having considered the emergency motion and the response thereto, the emergency motion is hereby denied.

Robert J. Mangan
Clerk of the Appellate Court

cc:   JoDaviess County Circuit Court
      Thomas James Nack

**Fill in this information to identify your case:**

Debtor 1    Robert Sam

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the Northern District of Iowa

Case number
(If known)

☐ Check if this is an amended filing

## Official Form 101A
# Initial Statement About an Eviction Judgment Against You

12/15

File this form with the court and serve a copy on your landlord when you first file bankruptcy only if:

- you rent your residence; and
- your landlord has obtained a judgment for possession in an eviction, unlawful detainer action, or similar proceeding (called *eviction judgment*) against you to possess your residence.

Landlord's name and address:
Ralph and Vera Helm
12584 Golf View Drive
Huntley, IL  60142

**Certification About Applicable Law and Deposit of Rent**

I certify under penalty of perjury that:

☒ Under the state or other nonbankruptcy law that applies to the judgment for possession*(eviction judgment)*, I have the right to stay in my residence by paying my landlord the entire delinquent amount.

☒ I have given the bankruptcy court clerk a deposit for the rent that would be due during the 30 days after I file the *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).

| | |
|---|---|
| /s/ Robert Sam | 08/10/2018 |
| Signature of Debtor 1 | Date |
| | 08/10/2018 |
| Signature of Debtor 2 | Date |

**Stay of Eviction:**

(a) **First 30 days after bankruptcy.** If you checked both boxes above, signed the form to certify that both apply, and served your landlord with a copy of this statement, the automatic stay under 11 U.S.C. § 362(a)(3) will apply to the continuation of the eviction against you for 30 days after you file your *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).

(b) **Stay after the initial 30 days.** If you wish to stay in your residence after that 30-day period and continue to receive the protection of the automatic stay under 11 U.S.C. § 362(a)(3), you must pay the entire delinquent amount to your landlord as stated in the eviction judgment before the 30-day period ends. You must also fill out *Statement About Payment of an Eviction Judgment Against You* (Official Form 101B), file it with the bankruptcy court, and serve your landlord a copy of it before the 30-day period ends.

Check the Bankruptcy Rules (www.uscourts.gov/rulesandpolicies/rules.aspx) and the local court's website (to find your court's website, go to www.uscourts.gov/Court_Locator.aspx) for any specific requirements that you might have to meet to serve this statement. 11 U.S.C. §§ 362(b)(22) and 362(l).

BRASSITO Software Copyright © 2013-2017 by Walter Oney. All rights reserved.


EXHIBIT
tabbies®
D

**Fill in this information to identify your case:**

Debtor 1 _Robert_ _Sam_
First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing) First Name    Middle Name    Last Name

United States Bankruptcy Court for the: _Noch_ District of _Illion_

Case number _18-81910_
(if known)

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

SEP 10 2018

JEFFREY P. ALLSTEADT, CLERK
DEPUTY CLERK - KN

Official Form 101B

# Statement About Payment of an Eviction Judgment Against You     12/15

Fill out this form only if:

☒ you filed *Initial Statement About an Eviction Judgment Against You* (Official Form 101A); and

☒ you served a copy of Form 101A on your landlord; and

☒ you want to stay in your rented residence for more than 30 days after you file your *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).

File this form within 30 days after you file your *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). Also serve a copy on your landlord within that same time period.

## Certification About Applicable Law and Payment of Eviction Judgment

I certify under penalty of perjury that (*Check all that apply*):

☑ Under the state or other nonbankruptcy law that applies to the judgment for possession (*eviction judgment*), I have the right to stay in my residence by paying my landlord the entire delinquent amount.

☑ Within 30 days after I filed my *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101), I have paid my landlord the entire amount I owe as stated in the judgment for possession (*eviction judgment*).

✗ _____                    ✗ _____
Signature of Debtor 1                              Signature of Debtor 2

Date _09 / 10 / 18_                              Date _____
MM / DD / YYYY                                    MM / DD / YYYY

**You must serve your landlord with a copy of this form.**

Check the Bankruptcy Rules (www.uscourts.gov/rulesandpolicies/rules.aspx) and the court's local website (go to http://www.uscourts.gov/Court_Locator.aspx to find your court's website) for any specific requirements that you might have to meet to serve this statement.

Official Form 101B          Statement About Payment of an Eviction Judgment Against You



**EXHIBIT**

E